

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2001

# USA v. Castano-Vasquez

Precedential or Non-Precedential:

Docket 00-3861

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"USA v. Castano-Vasquez" (2001). *2001 Decisions.* Paper 213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 17, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3861

UNITED STATES OF AMERICA

v.

CONRADO CASTANO-VASQUEZ,

      Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 00-cr-00071-1)
District Court Judge: The Honorable Joseph A.
Greenaway, Jr.

Argued: June 21, 2001

Before: ROTH, AMBRO, and FUENTES, Circuit Judg es

(Opinion Filed: September 17, 2001)

       Andrea D. Bergman (argued)
       Assistant Federal Public Defender
       972 Broad Street
       Newark, NJ 07102

       ATTORNEYS FOR APPELLANT

Robert J. Cleary
 United States Attorney
George S. Leone
 Chief, Appeals Division
Michael Martinez (argued)
 Assistant U.S. Attorney
970 Broad Street
Newark, NJ 07102-2535

    ATTORNEYS FOR APPELLEE

OPINION OF THE COURT

FUENTES, Circuit Judge:

Defendant Conrado DeJesus Castano-Vasquez pled guilty to a one-count indictment charging him with knowingly and intentionally importing more than 100 grams of heroin in violation of 21 U.S.C. S 952(a). At sentencing, he moved for a downward departure under the newly enacted U.S.S.G. S 5K2.20, which permits a departure "in an extraordinary case" on the basis of the defendant's "aberrant behavior." The application notes to S 5K2.20 list three definitional characteristics of the behavior a defendant must meet before an aberrant behavior departure can even be considered and then lists five factors that a sentencing court may consider in determining if the case is extraordinary and a departure is warranted. The District Court determined that Castano-Vasquez met the three definitional characteristics but that his case was not extraordinary and, without referring to each of the five factors, denied the departure and sentenced him to a 46-month term of imprisonment. On appeal, Castano-Vasquez contends that, in denying the departure, the court misread the guideline by failing to consider each of the enumerated factors.

We conclude that the most natural reading of S 5K2.20, in the context of the Guidelines as a whole, requires a sentencing court to address two separate and independent inquiries: whether the defendant's case is extraordinary and whether his or her conduct constituted aberrant behavior.

2

Further, in determining whether a particular case is extraordinary, we hold that a sentencing court may, but is not obligated to, consider the five factors delineated in Application Note 2 of S 5K2.20. Because the District Court here expressly considered two of the factors and certainly heard defense counsel's arguments as to all five, we conclude that the court properly exercised its discretion in denying the departure request in this case. We will therefore affirm the judgment.

I.

On February 6, 2000, Castano-Vasquez arrived at Newark International Airport on a flight from Bogota, Colombia. In the course of a routine customs inspection, agents searched a black piece of luggage, which Castano-Vasquez had claimed and had given consent to search. The search revealed a false bottom, and further searching revealed a white powdery substance that tested positive for heroin. Subsequent lab analysis indicated that the net weight of the heroin was 985.5 grams.

On February 9, 2000, a grand jury in the District of New Jersey returned a one-count indictment, charging Castano-Vasquez with knowingly and intentionally importing more than 100 grams of heroin in violation of 21 U.S.C.S 952(a). On June 30, 2000, Castano-Vasquez pled guilty to the indictment. At sentencing on November 13, 2000, the District Court entertained a defense motion brought under U.S.S.G. S 5K2.20 for a downward departure on the ground that the criminal conduct constituted aberrant behavior.

In support of the departure, defense counsel submitted 21 letters from Castano-Vasquez' family, friends, co-workers, and acquaintances, all of whom attested to his good character. Counsel also proffered information about Castano-Vasquez' financial and medical conditions that had motivated him to commit the offense, the theft of the truck that he had used in his farming livelihood, and his subsequent loss of ability to provide for his family. Counsel further attested to Castano-Vasquez' age, education, and employment history, all of which were documented in the Presentence Investigation Report. Finally, counsel proffered

3

that Castano-Vasquez was a well liked member of his community who drove others to the polls so that they could vote in the elections. In sum, counsel vouched "that it's not every day that your Honor is going to see an individual of the character of Mr. Castano-Vasquez, notwithstanding the terrible error in judgment that he made when he decided to make this trip."

Because S 5K2.20 had become effective barely two weeks before Castano-Vasquez' sentencing hearing, the District Court thoughtfully engaged both counsel in an extended discussion regarding how to interpret and apply it. The court ultimately concluded that the Commission sought to accomplish the following:

> It's asking you to define whether you think this is an extraordinary case.
>
> How do you define whether it's an extraordinary case?
>
> Literally, whether it is outside of the ordinary.
>
> And that's a determination separate and apart from whether the three factors of aberrant behavior are met. And that's so because of the way it's written. Because the predicate to looking at whether the three factors of aberrant behavior are met is, is it an extraordinary case?
>
> Once a determination is made that it's an extraordinary case, then we look to whether the three factors are met.

The court then proceeded to analyze the facts pertaining to Castano-Vasquez. Initially, the court found that Castano-Vasquez had met the three definitional requirements for aberrant behavior. But then, it concluded:

> Now, if we look at the economic factors that you've pointed out, I can't say in my experience that it's extraordinary. If we look at the fact that he's in his fifties, as one of many thing to look at, I can't say that that in and of itself makes it extraordinary. If we look at the fact that he's a hard-working man with a family and will do anything in the world for his family, as

4

courier cases go, that doesn't seem to make it extraordinary. And any of those factors in combination I don't think makes it extraordinary.

Defense counsel then interceded with more proffers concerning Castano-Vasquez' age, medical and financial problems, and community work. In the end, the District Court remained unconvinced. Using the analytical construct it had previously set forth, the court found that this case was not extraordinary:

I say unequivocally that Mr. Castano-Vasquez is an extraordinary person and prior to this has led an exemplary life as far as I can tell from the facts that are before me, but I think to be true to my understanding of what the sentencing guidelines intend here in attempting to give the Court discretion in providing in appropriate circumstances a downward departure, that the kind of extraordinary case that they contemplate is just not here.

The court denied the downward departure motion and sentenced Castano-Vasquez to a 46-month term (the bottom of the guideline range), followed by four years of supervised release.

The District Court exercised jurisdiction over this case pursuant to 18 U.S.C. S 3231, and we have appellate jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742(a). We exercise plenary review over whether the District Court adopted the proper legal standard for interpreting and applying this guideline. United States v. Torres, 251 F.3d 138, 145 (3d Cir. 2001). However, "[w]e lack jurisdiction to review a refusal to depart downward when the district court, knowing it may do so, nonetheless determines that departure is not warranted." United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996).

II.

In relevant part, the text of S 5K2.20, which became effective on November 1, 2000, provides as follows:

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. . . .

Commentary

Application Notes:

1. For purposes of this policy statement --

"Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life. . . .

2. In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.

On appeal, Castano-Vasquez contends that the District Court erred by ignoring the five factors in Application Note 2 in assessing the applicability of the aberrant behavior departure. Specifically, he claims that the court did not look at those factors to determine whether his case was "extraordinary," but rather, misunderstood the defense argument to be that, because he met the criteria for "aberrant behavior," he necessarily also qualified for the departure. Moreover, he argues that the court considered only his financial motivation for committing the offense in finding that the case was not extraordinary.

As a policy statement, S 5K2.20 is an authoritative guide for sentencing courts as to the meaning of the departure guidelines generally found in Chapter Five, Part K of the Guidelines. Stinson v. United States, 508 U.S. 36, 42 (1993); United States v. Baird, 109 F.3d 856, 862-63 (3d Cir. 1997) ("As we proceed, we bear in mind that not only is each guideline legally binding on the courts, but so too are the accompanying policy statements, and commentary, so long as neither the policy statements nor the commentary is inconsistent with any guideline.") (citations omitted).1 Under S 5K2.20, a sentencing court may depart

_____

1. In passing, we note that, at one point during the sentencing hearing, the District Court stated that S 5K2.20 "is a policy statement, I'm not

6

downwards from the applicable guideline range "in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior."[2] In proposing this new guideline, the Commission explained that it was responding to a split in the circuits regarding "whether, for purposes of downward departures from the guideline range, a`single act of aberrant behavior' . . . includes multiple acts occurring over a period of time." U.S. Sentencing Guidelines Manual, supp. app. C, amend. 603, at 78 (2000) (addressing Chapter One, Part A, Subpart 4(d) and citing, among other cases, United States v. Marcello, 13 F.3d 752, 760-61 (3d Cir. 1994), in which we held that a single act of aberrant behavior requires a spontaneous, thoughtless, single act involving lack of planning). The Commission, however, adopted neither the majority nor the minority circuit view on this issue. See id.

Instead, as a threshold matter, the Commission restricted the availability of a departure only to extraordinary cases. See id. The Commission did not expound on the meaning of "extraordinary," and in such a circumstance, we give that term its ordinary meaning. See Chapman v. United States, 500 U.S. 453, 461-62 (1991) (ordinary meaning applies in the absence of a statutory definition or established common law meaning). The ordinary meaning of "extraordinary" is "more than ordinary . . . going beyond what is usual, regular, common, or customary . . . exceptional to a very

_____

bound by it." However, while Castano-Vasquez quotes this language in his brief, he does not rely on it to argue that the court failed to follow the
policy statement. Indeed, our review of the entire transcript does not reflect that the court in any way disregarded the guideline.

2. In the text of S 5K2.20, the Commission also identified five exceptions that would render a downward departure on this basis impermissible, but none of them apply here. These exceptions are: (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the
defendant has more than one criminal history point, as calculated under Chapter Four of the Guidelines; and (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four.

7

marked extent." Webster's New Int'l Dictionary 807 (3d ed. 1993). We leave the determination of whether a defendant presents an extraordinary case to the sound discretion of the sentencing court. See U.S. Sentencing Guidelines Manual S 5K2.0 (2000) ("The decision as to whether and to what extent departure is warranted rests with the sentencing court on a case-specific basis."); see also Koon v. United States, 518 U.S. 81, 98 (1996).

The Commission then defined "aberrant behavior" in Application Note 1 to mean "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." The Commission explained that its definition was more flexible than the interpretations given by most of the circuits and attempted to provide guidance and limitations regarding what could be considered such behavior. See U.S. Sentencing Guidelines Manual, supp. app. C, amend. 603, at 78-79 (2000). At the same time, it declined to adopt a "totality of the circumstances" approach and believed that the guideline would not broadly expand departures for aberrant behavior. See id. at 79.

Specifically, the Commission stated that, "[f]or offense conduct to be considered for departure as aberrant behavior, the offense conduct must, at a minimum have" the three characteristics concerning planning, duration, and deviation found in the text of the guideline. Id. Moreover, the Commission stated that S 5K2.20"places significant restrictions on the type of offense and the criminal history of the offender that can be considered for this departure." Id. It further explained that these restrictions "reflect a Commission concern that certain offense conduct is so serious that a departure premised on a finding of aberrant behavior should not be available to those offenders who engage in such conduct." Id. Along similar lines, the Commission stated that "the restrictions on criminal history reflect a Commission view that defendants with significant prior criminal records should not qualify for a departure premised on the aberrant nature of their current conduct." Id. Finally, the Commission

8

recognized that "a number of other factors may have some relevance in evaluating the appropriateness of a departure based on aberrant behavior." Id. It listed "[s]ome of the relevant factors identified in the case law and public comment . . . in an application note," apparently referring to Application Note 2, which contains the five factors at issue in this appeal. Id.

In developing an analytical construct for applying this guideline, the District Court characterized the inquiry of whether a case was "extraordinary" as a predicate to determining whether the three factors for aberrant behavior in Application Note 1 are met. Castano-Vasquez does not challenge this order of analysis in the court's construct. Rather, he contests the degree to which the sentencing court should consider the five factors in Application Note 2 before making its determination as to whether a particular case is extraordinary.3

Castano-Vasquez' claim fails because the premise of his argument -- that the court looked solely to his financial motivation for committing the offense in finding that the case was not extraordinary -- is factually inaccurate. In determining that Castano-Vasquez did not present an extraordinary case, the court expressly relied on his age, financial condition, and employment history. From the transcript, we may confidently infer that the court considered at least two of the five factors in Application Note 2 (employment record and motivation for committing the offense) and assuredly heard defense counsel's proffer as to all five. And, in any case, as the Government points out, while a district court is statutorily obligated to "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. S 3553(c), it is not similarly obligated to explain its refusal to depart downwards, United States v. Georgiadis, 933 F.2d 1219, 1222-23 (3d Cir. 1991). Thus, even if the District Court were required to consider all of the factors in Application Note 2, the court would not then

_____

3. We note that, despite its comments on the order of consideration, the District Court did, in fact, first find that Castano-Vasquez had met the three definitional factors in Application Note 1, and then it determined that this case was not an extraordinary one.

9

be required to state expressly that it had done so in denying Castano-Vasquez' request for a departure. Notwithstanding this factual inaccuracy, Castano-Vasquez' contention fails as a matter of law. The precise legal question presented by this appeal is whether the District Court was obligated to consider the five factors in Application Note 2 in determining whether Castano-Vasquez' case was extraordinary. The term "extraordinary" and the phrase "if the defendant's criminal conduct constituted aberrant behavior" appear in the same opening sentence of the text of S 5K2.20. The guideline further expressly lists three requirements that the defendant must satisfy in order for the court to make a finding that the criminal conduct constituted aberrant behavior -- a reading that is supported by the Commission's own proposal. While the guideline is silent as to what factors make a case extraordinary, the Commission stated in its proposal that it intended to restrict the availability of a departure only to such cases. All of these facts suggest that a sentencing court is obligated to make two separate determinations: (1) whether the defendant's case is extraordinary, and (2) whether his or her criminal conduct constituted aberrant behavior. If the defendant cannot satisfy either of these two inquiries, then, of course, no departure would be warranted. Unlike what transpired here, however, there is no need to interpret the guideline as requiring a specific order to that analysis -- that is, a finding that the case is extraordinary before a finding on whether the defendant's conduct constitutes aberrant behavior. The guideline does not bind the sentencing court to a particular order of analysis. As the District Court itself recognized, these separate and independent inquiries both must be satisfied before granting a departure.

Assuming, as in the case of Castano-Vasquez, that the defendant can meet the requirements for aberrant behavior, that leaves open the question of how the sentencing court is to determine whether the particular case is extraordinary such that a departure is warranted. In proposing the guideline, the Commission recognized that "a number of other factors may have some relevance in evaluating the appropriateness of a departure" and provided a list of

10

"[s]ome of the relevant factors identified in the case law and public comment" in Application Note 2 for the court's consideration. Nothing in the application note either obligates the court to consider these factors or intimates that the list is exhaustive, thereby restricting the court's discretion.4 Rather, the factors serve merely as helpful guideposts for the court in determining whether it should depart under S 5K2.20. These observations suggest that the factors in Application Note 2 provide criteria that a sentencing court may, but is not bound to, consider when assessing whether a case is extraordinary.

Accordingly, after reviewing the text and supporting materials, we conclude that the most natural reading of S 5K2.20, in the context of the Guidelines as a whole, supports an analytical construct in which the sentencing court must conduct two separate and independent inquiries, both of which the defendant must satisfy before a departure can be granted. That is, the court must determine whether the defendant's case is extraordinary and whether his or her conduct constituted aberrant behavior. Further, in determining whether a particular case is extraordinary, we hold that a sentencing court may, but is not obligated to, consider the five factors delineated in Application Note 2 of S 5K2.20.

Due to the guideline's recent vintage, we are unable to find many courts that have issued opinions regarding requests for downward departures on the ground of aberrant behavior. But at least one district court appears to

_____

4. Cf. United States v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000) (under Fed. R. Crim. P. 52(b), "this Court may vacate and remand [defendant's] sentence . . . but is not required to do so") (internal quotations and citations omitted), cert. denied, 121 S. Ct. 1157 (2001); United States v. Loy, 191 F.3d 360, 370 (3d Cir. 1999) ("What[defendant] overlooks in making this argument is that the relevant provision merely suggests that the court `may' ameliorate or suspend the condition where there is low risk of future substance abuse. It does not state that the court is required to do so."), cert. denied, 529 U.S. 1023 (2000); but cf. United States v. Torres, 251 F.3d 138, 147 (3d Cir. 2001) ("we hold that when considering a departure for substantial assistance, a sentencing court not only must conduct a qualitative, case-by-case analysis but also must examine S 5K1.1's five enumerated factors").

concur with the above discussion. In United States v. Kelly, a district court addressed a defendant's request for a S 5K2.20 departure, outlining the order of analysis as follows: "A departure for aberrant behavior is warranted only where the offense conduct [meets the three requirements in Application Note 1]. If each of these factors is met, courts may consider the [five] factors[found in Application Note 2] in determining whether to grant a downward departure under this provision." No. 99 CR 422 RWS, 2001 WL 395184, at *5 (S.D.N.Y. Apr. 17, 2001). While Kelly could be read to imply a specific order of analysis, the end result is the same. The two inquiries -- whether the defendant's case is extraordinary and whether his or her conduct constituted aberrant behavior-- are independent, and thus, the defendant must satisfy them both, irrespective of the order in which the court chooses to address them. Indeed, we are aware of only two courts that have issued written decisions on S 5K2.20 departure motions, and both have denied them on the basis that the respective defendants had each failed to satisfy one or more of the three definitional requirements for aberrant behavior. See id.; United States v. Bailey, No. 1:00CR00044, 2001 WL 459098, at *2 (W.D. Va. May 2, 2001).

In sum, Castano-Vasquez' contention here -- that the District Court failed to consider all of the five factors in Application Note 2 in denying the departure motion-- is factually inaccurate. Moreover, the court was not obligated to consider each and every factor because the Commission promulgated a non-exhaustive list of relevant factors, instructing sentencing courts that they may, but are not obligated to, consider them in determining whether to depart. Therefore, we conclude that the District Court properly exercised its discretion in denying Castano-Vasquez' departure request.

III.

For the foregoing reasons, we will affirm the District Court's judgment.

12

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

13