UNITED STATES of America,

v.

Orlando VILCAPOMA, Appellant.

No. 01–3420.

United States Court of Appeals,
Third Circuit.

Argued April 25, 2002.

Decided May 24, 2002.

Lisa C. Evans, (Argued), Office of Federal Public Defender, Camden, New Jersey, for Appellant.

Ricardo Solano, Jr., (Argued), George S. Leone, Office of United States Attorney, Newark, New Jersey, for Appellee.

Before BECKER, Chief Judge, SCIRICA, and RENDELL, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Circuit Judge.

The issue in this sentencing appeal is whether the defendant was entitled to downward departures based on "cultural assimilation" and the "totality of the circumstances."

I.

Orlando Vilcapoma, a Peruvian native, was admitted into the United States in 1973, at the age of three, and became a permanent resident in 1984. In 1990, Vilcapoma was convicted in New Jersey of distributing heroin within 1000 feet of school property. Although Vilcapoma was subject to deportation under the Immigration and Nationality Act, an immigration

judge allowed him to remain in the United States based on his long residence, his attempts at rehabilitation, and his expressions of remorse. In a deportation appeal, the Immigration and Naturalization Service reversed that decision, holding Vilcapoma had shown a disregard for the welfare for the United States. Vilcapoma was deported to Peru in 1995.

In January 1996, with the assistance of a paid smuggler, Vilcapoma crossed the Mexican border into Texas. After a subsequent arrest,[1] local authorities informed the INS that Vilcapoma was present in the United States. On March 23, 2001, INS agents located Vilcapoma in Perth Amboy, New Jersey, and arrested him for illegal re-entry, a violation of 8 U.S.C. § 1326. Vilcapoma pled guilty under a one-count information. Under the plea agreement, the government stipulated Vilcapoma's total offense level was 21.[2] The Pre–Sentence Report recommended imprisonment for forty-six to fifty-seven months.

Vilcapoma did not object to the factual findings or guideline calculations. But he moved for downward departures based on (1) "cultural assimilation"; (2) overstatement of criminal history; and (3) the totality of circumstances, including his cultural ties to the United States and his addiction to narcotics. The District Court denied downward departures on all grounds, sentencing Vilcapoma to forty-six months in prison. This appeal followed.[3]

## II.

■ Vilcapoma contends the District Court wrongly denied a downward departure based on his "cultural assimilation." If a district court misapprehends its legal authority to depart under the sentencing guidelines, we exercise plenary review. *See, e.g., United States v. Marin–Castaneda,* 134 F.3d 551, 554 (3d Cir.1998). But if a district court acknowledges its authority to depart and decides not to do so, we lack appellate jurisdiction. *United States v. Stevens,* 223 F.3d 239, 248 (3d Cir.2000); *United States v. Denardi,* 892 F.2d 269, 271–72 (3d Cir.1989). Here, the District Court observed it could "engage in a downward departure" for "cultural assimilation," but did not find Vilcapoma's situation justified one:

[T]he argument is that because [Vilcapoma] was raised in this country, the Court should overlook what amounts to a life of crime since the age of 14 and give him the benefit of the argument that he has so assimilated into American culture, that the Court should disregard the applicable punishments.... [W]e have the authority of the District Court to engage in a downward departure. Under § 5K2.0, we know under *United States v. Koon* ... [that if] the circumstances in a particular case are so different from what one might consider to be a typical case or within the heartland of typical cases ... the court would have the authority to engage in a downward departure. I recognize the discretion

---

**1.** On May 10, 1996, Vilcapoma was arrested for failing to give a controlled dangerous substance to the police. Court records indicate he used the alias Pedro A. Torres for this arrest.

**2.** The parties agreed U.S.S.G. § 2L1.2 provided a base offense level of 8. Sixteen levels were increased under U.S.S.G. § 2L1.2(b)(1)(A) for conviction for distribution of a controlled substance, an aggravated felony. Three levels were reduced under U.S.S.G. § 3E1.1(a) and (b)(2) because of acceptance of responsibility and a timely guilty plea.

**3.** The District Court had jurisdiction under 18 U.S.C. § 3231. Vilcapoma does not appeal the denial for overstatement of criminal history.

that the District Court has .... to engage in a downward departure. I do not find that the circumstances in this case would justify it.... Mr. Vilcapoma has not ... demonstrated to me that ... [he] became so assimilated ... so as to not be exposed to a 16–level increase for his unlawful re-entry.... I do not find that Mr. Vilcapoma presents himself to be so atypical from others who re-enter.... Mr. Vilcapoma returned to the country because he missed his family. The District Court recognized it could depart downward but declined to do so. Because the District Court exercised its discretion, we lack jurisdiction over this matter under 18 U.S.C. § 3742. *Denardi*, 892 F.2d at 271–72.[4]

Nonetheless, Vilcapoma insists the District Court improperly focused on the sixteen-level increase in U.S.S.G. § 2L1.2(b)(1)(A), conflating different analyses for § 2L1.2(b)(1)(A) and § 5K2.0. We disagree. Vilcapoma's "cultural assimilation" argument focused on several guidelines. During a colloquy, the District Court asked Vilcapoma's counsel, "So what you're saying is that in formulating the 16–level increase, the Commissioners failed to take into account the fact that a defendant might have family ties and cultural assimilation which would render that much of an increase inappropriate?" Counsel responded, "Yes. But not just the 16–level increase." As noted, the District Court comprehended its authority to depart for "cultural assimilation," but did not find

Vilcapoma's situation so "extraordinary" to justify a reduction. We see no error.

Vilcapoma also contends the District Court failed to apply the analysis set forth in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In *Koon*, the Supreme Court instructed courts considering departures under U.S.S.G. § 5K2.0 to identify the factor taking the case out of the "heartland," determine if the guidelines mention the factor, and, unless the factor is "forbidden," decide it is present "to an exceptional degree." *Id.* at 95–96, 116 S.Ct. 2035. But the District Court performed a functional equivalent of the *Koon* analysis. *See United States v. Castano–Vasquez*, 266 F.3d 228, 234 (3d Cir.2001) ("[W]hile a district court is statutorily obligated to state in open court the reasons for its imposition of the particular sentence, it is not similarly obligated to explain its refusal to depart downwards.") (quotation and citation omitted). The District Court considered whether Vilcapoma's situation was qualitatively different from others facing similar sentences. It met its obligations under *Koon*. As the District Court acted within its discretion, we lack appellate jurisdiction.

### III.

■ Vilcapoma also contends he was entitled to a departure under U.S.S.G. § 5K2.0 for the "totality of the circumstances." As with the prior matter, the

---

4. The United States Court of Appeals for the Fifth Circuit has held that in an "atypical or extraordinary case" a downward departure for "cultural assimilation" may be warranted. *United States v. Rodriguez–Montelongo*, 263 F.3d 429, 433–34 (5th Cir.2001). The Court of Appeals for the Ninth Circuit has recognized the authority in dicta. *See United States v. Lipman*, 133 F.3d 726, 730–31 (9th Cir. 1998). And the Court of Appeals for the Eleventh Circuit has hinted at the same au-

thority. *See United States v. Sanchez–Valencia*, 148 F.3d 1273, 1273 (11th Cir.1998) (per curiam) (citing *Lipman* ). During oral argument, the parties agreed "cultural assimilation" represents a valid rationale for a sentencing departure under U.S.S.G. § 5K2.0. We agree. In the appropriate case (e.g., illegal re-entry) and under the appropriate circumstances, "cultural assimilation" might constitute a deviation from the heartland of typical cases.

issue on appeal is whether the District Court recognized its authority to depart. *See Stevens,* 223 F.3d at 247. The District Court said:

> [I]n order to engage in ... any totality of the circumstance argument, one would have to engage in a discussion as to the court's opinion as to the statutory maximum sentences that are proscribed along with the guideline ranges that have obtained.... So I do not find that the totality of the circumstances provides an independent basis for a downward departure....

The government asked for clarification: "Your Honor ... just to be clear on the record ... for this criminal history, the totality of the circumstances is denying these motions, while realizing the court's authority and possibility to go, downwardly depart, not electing to do so here." The Court responded, "Of course, I thought I had said that."

Vilcapoma suggests the District Court's "simple agreement" with the prosecutor's statement "creates ambiguity" as to the Court's understanding, justifying re-sentencing. We disagree. The District Court recognized its ability to depart, but elected not to do so. One illustrative exchange with defense counsel demonstrates the Court's recognition:

> [Counsel]: Just for clarification, our totality [of] the circumstances argument goes to each of the other independent arguments. The cultural assimilation, the criminal history, and if the Court found that either of those two standing alone was not sufficient, but then taking them into consideration together, then that would, that would be sufficient for a departure.
>
> [Court]: I do not find them taken together would justify the departure.

The District Court acted within its discretion in rejecting the downward departure. As such, we have no appellate jurisdiction. *Denardi,* 892 F.2d at 271–72.

### IV.

For the foregoing reasons we will dismiss the appeal for lack of jurisdiction.