

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2002

# USA v. Bishop

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2075

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Bishop" (2002). *2002 Decisions.* Paper 319.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/319

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos.  01-2075 and 01-2079
_____

UNITED STATES OF AMERICA

v.

DWIGHT BISHOP, Appellant in No. 01-2075
(D.C. Crim. No. 01-cr-00071-1)
------------------------------------------------
UNITED STATES OF AMERICA

v.

DWIGHT BISHOP, a/k/a AUBREY GREEN,
a/k/a HASSON CASON
Dwight Bishop, Appellant in No. 01-2079
(D.C. Crim. No. 99-cr-00639-3)
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
May 20, 2002
Before: BECKER, Chief Judge, GREENBERG, Circuit Judge,
and BARZILAY, Judge, U.S. Court of International Trade.

(Filed: June 3, 2002)

_____

OPINION
_____

BECKER, Chief Judge.

This is an appeal by defendant Dwight Bishop from a judgment in a criminal case entered pursuant to a plea agreement.  The appeal presents the oft-recurring question whether a sentencing court that declined the invitation of the defendant to depart downward from the U.S. Sentencing Guideline Range understood that it had authority to depart but exercised its discretion not to, or rather was ruling (as a matter of law) that it lacked power to depart.  If a district court misapprehends its legal authority to depart under the sentencing guidelines, we exercise plenary review.  See, e.g., United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir. 1998).  But if a district court acknowledges its authority to depart and decides not to do so, we lack appellate jurisdiction.  United States v. Stevens, 223 F.3d 239, 248 (3d Cir. 2000); United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir. 1989).  The fall back rule is stated in United States v. Mummert, 34 F.3d 201, 205 (3d Cir. 1994).  There we held that, where it is impossible to tell whether the district court's ruling is based upon the proper exercise of discretion or an improper interpretation of the applicable legal standard, the correct course of action is to vacate the sentence and remand to the district court for clarification and reconsideration of its ruling.

Bishop argued for a downward departure on two grounds: 1) diminished mental capacity under Section 5K2.13 of the Guidelines; and 2) family circumstances under Section 5K2.0.  The District Court denied the request.  In so ruling the Court did not state whether its denial of the departure request was based on legal or discretionary grounds.  However, we are satisfied that the record shows that the decision not to depart was discretionary.

During the sentencing hearing, the government acknowledged the District Court's authority to depart.

>Mr. Costello: Your Honor, briefly just on the   both the departure motions, the government's position and it's set forth in our response, I don't intend to go through that unless Your Honor has specific questions but simply our position is that the defendant has not established that he was suffering from a significantly diminished mental condition, mental capacity, at the time he committed the offenses for which he is being sentenced.  The circumstances he states are certainly worthy of Your Honor's consideration and they certainly affect Your Honor's determination on where within the applicable guideline range Your Honor sentences Mr. Bishop.  It's the government's position that they don't reach the level to justify departure.

>Our position is the same with his family condition.  There is no question that Mr. Bishop has attempted to do a lot of things for his family but, again, this does not reach that extraordinary level that is required before your honor can depart.  There is no question Your Honor has the authority to depart, the discretion to do so.  We just don't feel on either basis you should exercise that authority.

(App. at 38-39) (emphasis added).

We are satisfied that, under these circumstances, the Court understood its authority to depart and, although neglecting to make its ratio decidendi clear, exercised its discretion not to do so.  Cf. United States v. Castano-Vasquez, 266 F.3d 228, 234 (3d Cir. 2001) ("[A] district court . . . is not . . . obligated to explain its refusal to depart downwards."); United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991) ("[A] sentencing court does not commit reversible error under the Sentencing Reform Act by failing to state expressly on the record that it has considered and exercised discretion when refusing a defendant's requested downward departure under the Guidelines.").  We hope and trust that instances where the district courts within this Circuit fail to articulate the basis for their departure rulings will disappear.  However, on this record, under our jurisprudence, we are constrained to dismiss this appeal for lack of appellate jurisdiction.  See United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989).

The appeal will be dismissed.                    _____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court:

/s/Edward R. Becker
Chief Judg