UNITED STATES of America,

v.

Tamika CRAIG, Appellant.

No. 01–3571.

United States Court of Appeals,
Third Circuit.

Submitted June 5, 2002.

Decided June 6, 2002.

Before SCIRICA, BARRY, and WEIS, Circuit Judges.

OPINION OF THE COURT

BARRY, Circuit Judge.

On April 16, 2001, appellant Tamika Craig pled guilty to a charge of conspiracy to import into the United States more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 952(a) and 963. She was sentenced on September 10, 2001 to 37 months in prison and four years on supervised release. Her base offense level was calculated at level 28, and was adjusted to level 24 by virtue of the safety valve and her minor role in the offense. With an additional reduction of three levels for acceptance of responsibility, her total offense level became 21. Her criminal history category of I placed her in a guideline imprisonment range of 37–46 months.

Craig moved for a downward departure, alleging that her conduct represented "aberrant behavior," and/or requesting that home detention be substituted for imprisonment because of her medical condition. At sentencing, the District Court heard argument from Craig's counsel and from the government, but denied the motion for a downward departure and for home detention. Craig timely appealed. We will dismiss the appeal for lack of jurisdiction.

A court of appeals lacks jurisdiction to review a district court's discretionary refusal to grant a downward departure as long as the district court understood that it had the authority to grant the departure. *United States v. Torres,* 209 F.3d 308, 309 n. 1 (3d Cir.), *cert. denied,* 531 U.S. 864, 121 S.Ct. 156, 148 L.Ed.2d 105 (2000) ("Where, as here, the District Court understood that it had the ability to depart but refused to do so, we lack jurisdiction to review that refusal."); *see also United States v. Denardi,* 892 F.2d 269, 271–72 (3d Cir.1989) ("To the extent this appeal attacks the district court's exercise of discretion in refusing to reduce the sentences below the sentencing guidelines, it will be dismissed for lack of appellate jurisdiction.").

In denying the motion for downward departure, the District Court heard argument from counsel and then stated:

Predominantly for the reasons expressed by the Government in the letter memo of September 4th, which the Court adopts as its own reason, the Court determines that the motion for a downward departure based upon physi-

cal condition and alleged aberrant behavior should be denied.

A.78. Those reasons were reasons on the merits and had nothing to do with a lack of authority. That the District Court understood that it had the authority to grant the departure but, in the exercise of its discretion, declined to do so is a decision that we let jurisdiction to review. *United States v. Georgiadis*, 933 F.2d 1219, 1222–24 (3d Cir.1991).

Craig tries to avoid the jurisdictional problem by arguing that the District Court erred *legally* in its rulings, which would allow review in this Court. *United States v. Castano–Vasquez*, 266 F.3d 228, 231 (3d Cir.2001). Even aside from the fact that she argues facts, not law, the argument is unavailing. First, she suggests that the District Court did not consider whether her behavior was "extraordinary" within the meaning of the aberrant behavior guideline. This is incorrect. Not only did the District Court adopt as its reasoning the letter memo of the government, explaining why Craig's behavior was not extraordinary, but it also indicated its belief that she had ample time for reflection and to withdraw from the course of conduct. Second, she argues that the District Court erred in not considering the criteria listed in U.S.S.G. § 5K2.20, comment. (n.2), to determine whether her behavior was aberrant. There is, however, no such requirement. § 5K2.20, comment. (n.2) ("the court *may* consider" the listed factors) (emphasis added); *Castano–Vasquez*, 266 F.3d at 235 ("Nothing in the application note either obligates the court to consider these factors or intimates that the list is exhaustive, thereby restricting the court's discretion.").

Finally, Craig challenges the ruling by the District Court that her medical condition was not serious enough to permit a downward departure such that she could be sentenced to home detention in lieu of imprisonment. There was no legal error in this ruling. The District Court found that her medical condition was not sufficiently serious and, in any event, could be treated by the Bureau of Prisons. It, thus, found itself constrained by U.S.S.G. § 5C1.1(f) ("If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment."). Craig's guideline range was in Zone D and she was, therefore, not eligible for home detention as a matter of law. Parenthetically, the District Court noted that even if it had the power to substitute home detention for a period of incarceration, it would not do so given the size of the importation involved.

Because the record is sufficiently clear that the District Court knew it had the authority to depart downward but determined not to, this Court lacks jurisdiction to review whether the District Court abused its discretion in denying Craig's motion. We will, therefore, dismiss the appeal for lack of jurisdiction.