UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 03-4097

LILIANE RENA WILLIAMS,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-02-266)

Submitted: June 30, 2003

Decided: July 29, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Liliane Rena Williams pled guilty to bank robbery, 18 U.S.C. § 2113(a) (2000) (Count One), and carrying or using a firearm in a crime of violence, 18 U.S.C. § 924(c) (2000) (Count Three). She was sentenced to thirty-three months imprisonment for Count One and a mandatory consecutive term of eighty-four months imprisonment for Count Three. The district court declined to depart on the ground of aberrant behavior. *U.S. Sentencing Guidelines Manual* § 5K2.20, p.s. (2002). Williams contends on appeal that the district court's decision not to depart downward is appealable because it was the result of erroneous legal conclusions concerning whether she engaged in "significant planning" and whether she "otherwise used" the firearm when she pointed it at a teller, and because the court erred in limiting its determination of whether the case was extraordinary to a consideration of her motive for robbing the bank. We dismiss the appeal for lack of jurisdiction.

Section 5K2.20 provides that a departure may be warranted in an extraordinary case where the defendant's conduct constitutes aberrant behavior, which is described in Application Note 1 as "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." The court must thus determine, as a threshold matter, that the case is extraordinary. USSG § 5K2.20, App. C, amend. 603; *United States v. Castano-Vasquez*, 266 F.3d 228, 243 (3d Cir. 2001). The policy statement sets out a number of factors that the sentencing court "may consider" in determining whether to depart. These factors are: "the defendant's (1) mental and emotional conditions; (2) employment record; (3) record of prior good works; (4) motivation for committing the offense; and (5) efforts to mitigate the effects of the offense." USSG § 5K2.20, comment. (n.2). The policy statement

also provides that the sentencing court may not depart on the ground of aberrant behavior if:

> (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point . . .; or (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four of the guidelines.

USSG § 5K2.20.

Williams had no prior criminal record. She requested a downward departure for aberrant behavior. With respect to the requirement that she not have discharged or "otherwise used" a firearm, Williams contended that her conduct did not amount to "more than brandishing, displaying, or possessing a firearm," which is how the term "otherwise used" is defined in Application Note 1 to § 5K2.20 (using definition in USSG § 1B1.1, comment. (n.1(f)). The district court determined that Williams' conduct was a single occurrence of criminal activity and that it was a marked deviation from a previously law-abiding life. However, the court found that Williams' planning for the robbery was not insignificant. The court also found that, even if Williams' planning was not significant, she had not shown extraordinary circumstances that would warrant a departure because she was not motivated by mental illness or other mental health problems, but by a need for money.

Last, the court determined that Williams had done more than brandish a firearm, that she had "otherwise used" the shotgun when she pointed it at the teller. Therefore, the court decided that, even if there was a basis for finding that Williams' conduct was aberrant behavior, a departure on that basis was precluded by the language in § 5K2.20.

A district court's decision not to depart from the guideline range is not reviewable on appeal except in the "very narrow situation" that the sentence is imposed in violation of law in that the district court based its decision on a mistaken view that it lacked legal authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990); *see also United States v. Carr*, 303 F.3d 539, 545 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 929 (2003); *United States v. Hall*, 977 F.2d

861, 863 (4th Cir. 1992). Williams does not dispute that the district court understood its authority to depart for aberrant behavior. Instead, she argues that the district court's decision not to depart is subject to review because it was based on three legal errors she claims the court made in the process of determining that a departure was not warranted: (1) a finding that Williams' planning was not insignificant, (2) a finding that a departure was precluded because Williams "otherwise used" the firearm, and (3) the court's limiting of its inquiry into whether the case was extraordinary to a consideration of Williams' motive for committing the robbery. The government contends that review is unavailable because the district court understood its authority to depart for aberrant behavior if circumstances warranted and exercised its discretion in deciding not to depart. We agree.

The district court decided that Williams' case was not an extraordinary one in which a departure was appropriate. This determination is a "threshold matter," *see* USSG App. C, amend. 603 ("As a threshold matter, this amendment provides that the departure is available only in an extraordinary case."); *see also United States v. Castano-Vasquez*, 266 F.3d 228, 234 (3d Cir. 2001) (holding that sentencing court must decide separately whether case is extraordinary and whether defendant's conduct constituted aberrant behavior). This determination cannot be characterized as a legal error, although Williams attempts to do so by arguing that the court erred in mentioning only one of the factors listed in Application Note 2 to § 5K2.20. However, the factors listed there are set out as circumstances the court "may consider." The court's mention of only one factor does not constitute legal error. *Castano-Vasquez*, 266 F.3d at 234. Thus, because the district court found, as a threshold matter, that Williams' case was not an extraordinary one where a departure for aberrant behavior was appropriate, the district court's exercise of its discretion in deciding not to depart is not reviewable.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*