

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2003

# USA v. Budde

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2943

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Budde" (2003). *2003 Decisions.* Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2943

_____

UNITED STATES OF AMERICA

v.

MICHAEL BUDDE,
                                                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim No. 02-cr-00027 )
District Judge:   Honorable Katharine S. Hayden

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2003
Before:   RENDELL, WEIS and GARTH, Circuit Judges.
(Filed: October 8, 2003)

_____

OPINION

_____

WEIS, Circuit Judge.

        Defendant pleaded guilty to importing more than three kilograms of a drug

commonly called "ecstasy" in violation of 21 U.S.C. §§ 952(a), 960(b)(3), and 18 U.S.C. §

2.  He was sentenced to 57 months incarceration, at the bottom of the applicable Guideline

range of 57-71 months.

1

A co-defendant, Thomas Winkelmann, also received a sentence of 57 months. A third defendant, Brigitte Fassler-Perez, was sentenced to time served, a much shorter period than those imposed on the other defendants.

In calculating the range under the Sentencing Guidelines, the District Court credited defendant with a two-level downward adjustment for a minor role. Defendant contends that because he was merely a courier and had little else to do with the smuggling, he should have been allowed an additional two-point reduction because he was only a minimal participant. If that adjustment had been made, the defendant's sentencing range would have been reduced to 46-57 months.

The District Court rejected the defendant's argument, pointing out that although as a courier he was a minor actor in the conspiracy, his role was not minimal. The Court also recognized the disparity between the defendant's sentence and that given to Fassler-Perez, but pointed out that the difference was the result of the motion for downward departure made by the United States Attorney's Office. The district judge acknowledged that the sentence was a harsh one that troubled her, but that she was required to follow the Guidelines.

Our role is also limited by those same Guidelines, and we can do nothing here in this case other than affirm the sentence imposed by the district judge. See United States v. Castano-Vasquez, 266 F.3d 228, 231 (3d Cir. 2001); United States v. Hunte, 196 F.3d 687, 691, 694 (7th Cir. 1999).

2

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:

       Please file the foregoing Opinion.


                    /s/ Joseph F. Weis, Jr.
                    United States Circuit Judge

4

October 7, 2003

TO:        Marcia Waldron, Clerk
           United States Court of Appeals

FROM:      Judge Weis

RE:        USA v. Michael Budde, No. 02-2943


Dear Ms. Waldron:

        Please file the enclosed Not Precedential Opinion, together with the
Judgment in the above case.  The signed originals are being mailed to you this date.  Thank
you.

                              Sincerely,



                              Joseph F. Weis, Jr.
                              United States Circuit Judge



cc:        Judge Rendell  (letter only)
           Judge Garth    (letter only)
           Pacracts