

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2003

# USA v. Matadamus-Briceno

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"USA v. Matadamus-Briceno" (2003). *2003 Decisions*. Paper 183.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/183

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3934

UNITED STATES OF AMERICA

v.

PATRICIA MATADUMAS-BRICENO,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(Dist. Court No. 02-cr-00476)
District Judge: Hon. Stephen M. Orlofsky

Submitted Under Third Circuit LAR 34.1(a)
October 15, 2003

Before: SLOVITER, ROTH, and CHERTOFF, Circuit Judges

(Filed: October 29, 2003 )

OPINION

CHERTOFF, Circuit Judge

Appellant Patricia Matadamus-Briceno, a legal permanent resident who was

convicted of two felonies, challenges her sentence on the ground that the District Court

failed to adequately consider the impact of her likely deportation as a factor supporting a

downward departure for her sentence. Jurisdiction in the District Court rested on 18 U.S.C. § 3231. Jurisdiction in this Court is proper because the judgment is a final order under 28 U.S.C. § 1291, and Matadamus-Briceno has a statutory right to appeal her sentence under 18 U.S.C. § 3742(a). For the reasons stated below, we will affirm the District Court's sentence.

I.

Matadamus-Briceno is a citizen of Mexico who was granted legal permanent United States resident status on December 1, 1990. On April 4, 2001, Matadamus-Briceno was arrested by Penns Grove, New Jersey, police for possessing, producing and selling fraudulent Resident Alien Registration and Social Security cards. On June 7, 2002, Matadamus-Briceno appeared in District Court, and pled guilty to a two-count Information filed the same day. Count One charged Matadamus-Briceno with unlawfully possessing Resident Alien Cards in violation of 18 U.S.C. §§ 1546(a) and 2. Count Two charged Matadamus-Briceno with producing false Social Security Cards in violation of §§ 1546(a) and 2.

A motion for downward departure for extraordinary family circumstances was filed under the Sentencing Guidelines. U.S.S.G. §§ 5H1.6, 5K2.0. Matadamus-Briceno argued she is irreplaceable as the sole-caretaker and sole support system for her three young children, one of whom is often ill and suffers from respiratory ailments. Matadamus-Briceno contended that the separation and possible permanent loss of custody that would result from prolonged incarceration and/or deportation constituted an

extraordinary family circumstance. The District Court rejected that argument, reasoning that while it had discretion to depart for extraordinary family circumstances, the circumstances in this case were not extraordinary enough to warrant a downward departure. On October 10, 2002, the District Court denied the motion for downward departure, and sentenced Matadamus-Briceno to concurrent 24 month terms of imprisonment on both counts, three years supervised release, and a special assessment of $200.

This Court exercises plenary review in evaluating whether the District Court adopted the proper legal standard for interpreting and applying the Sentencing Guidelines. United States v. Castano-Vasquez, 266 F.3d 228, 231 (3d Cir. 2001); United States v. Johnson, 155 F.3d 682, 683 (3d Cir. 1998); United States v. McQuilkin, 97 F.3d 723, 727 (3d Cir. 1996). A defendant may only appeal from the denial of a downward departure if he or she alleges the district court committed a legal error; a defendant may not challenge the merits of a district court's discretionary refusal to depart. United States v. Georgiadis, 933 F.2d 1219, 1222 (3d Cir. 1991); see also United States v. Stevens, 223 F.3d 239, 247 (3d Cir. 2000).

## II.

"[F]amily ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. §5H1.6. As Matadamus-Briceno acknowledges, "a downward departure based on family ties and responsibilities should be the exception rather than the rule." United

States v. Sweeting, 213 F.3d 95, 100 (3d Cir. 2000).   That is, the family circumstances must be extraordinary, id., but there is "no requirement that the circumstances be extra-ordinary by any particular degree of magnitude," United States v. Dominguez, 296 F.3d 192, 195 (3d Cir. 2002) (emphasis in original).  In evaluating whether a downward departure is warranted, a sentencing court should consider what features potentially make the case special or unusual, and whether the guidelines forbid, encourage, or discourage departure based on those features.  Koon v. United States, 518 U.S. 81, 95-96 (1996).

Matadamus-Briceno argues the District Court failed to follow Koon in refusing to consider whether the family circumstances were sufficiently extraordinary to warrant a downward departure.  In particular, Matadamus-Briceno argues the District Court erred in refusing to consider her likely deportation as a factor supporting downward departure. The record, however, is to the contrary.  The District Court specifically acknowledged its authority to downwardly depart under U.S.S.G. §§ 5K2.0 and 5H1.6, but concluded that the circumstances were not so extraordinary to warrant a downward departure. Matadamus-Briceno argues that in reaching this conclusion, the District Court "never mentioned the deportation factor."  While it is true that the District Court's initial discussion of "extraordinary family circumstances" was in the context of the impact of incarceration, the District Court went on to address Matadamus-Briceno's concern that she would face deportation as a result of her conviction and incarceration, resulting in the permanent loss of custody of her children.  Thus, the District Court properly considered and rejected Matadamus-Briceno's motion for a downward departure based on

extraordinary family circumstances.

Matadamus-Briceno also argues she was prejudiced by the District Court's failure to consider that a reduction of her prison sentence to less than 12 months would make her eligible to avoid what would otherwise be a mandatory deportation. Under 8 U.S.C. § 1101(a)(43)(P) a sentence of 12 months or more would result in these convictions being characterized as an "aggravated felony" for deportation purposes. The Attorney General does not have discretion to waive deportation in aggravated felony cases, but does have discretion in non-aggravated felony cases. Matadamus-Briceno alleges the District Court erroneously believed the Attorney General retained such discretion in all cases, whether or not the sentence is 12 months or more.

This argument is also unavailing, however. As a preliminary matter, we review this claim only for plain error because Matadamus-Briceno did not present this specific argument at the sentencing hearing. Matadamus-Briceno contends: "Defense counsel attempted to explain that deportation was not guaranteed, but the court refused to explore the possibility." Appellant Br. at 18. While the record does indicate that counsel was trying to explain that Matadamus-Briceno would not necessarily be deported irrespective of what sentence was imposed, there is no clear articulation of the significance of the 12 month distinction. Where a defendant has failed to object to a purported error of the sentencing court, this Court will review only for plain error. United States v. Couch, 291 F.3d 251, 252 (3d Cir. 2002). To establish plain error, the defendant must show: "(1) an error was committed; (2) the error was plain, that is, clear and obvious; and (3) the error

affected the defendant's substantial rights." United States v. Syme, 276 F.3d 131, 143 n.4 (3d Cir. 2002) (internal quotations omitted). To establish the third prong, defendant must show that "were it not for the plain error committed...the outcome of the proceeding would have been different." United States v. Dixon, 308 F.3d 229, 234 (3d Cir. 2002) (emphasis in original).

Under this standard, Matadamus-Briceno's argument fails. There is no indication that the District Court would have chosen to downwardly depart if it knew the Attorney General only had discretion to avoid deportation if a sentence of less than 12 months was imposed. Rather, the record clearly indicates the District Court considered the impact of Matadamus-Briceno's likely deportation on her children, even if it did not specifically take into account the effect of a sentence of less than 12 months on her deportation status. The District Court simply concluded the facts did not warrant downward departure based on "extraordinary family circumstances."

Finally, while Matadamus-Briceno characterizes her claim as one for downward departure based on extraordinary family circumstances, in essence Matadamus-Briceno now seems to claim she missed the chance to obtain a downward departure that might have changed her immigration status. But nothing in the sentencing guidelines even permits the District Court to depart downward in order to influence the likelihood that the government will deport a defendant. The purpose of the Sentencing Guidelines is to determine the appropriate sentence within the criminal justice system, 18 U.S.C. § 3553(a), not to alter the likelihood of deportation, which is governed by different statutes.

Thus, it is doubtful that the District Court could properly depart downward in order to avoid mandatory deportation.[1]

III.

For the foregoing reasons, we affirm the District Court's judgment of sentence.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Michael Chertoff
United States Circuit Judge

_____

[1] Although there are cases that discuss to what extent unusual hardship flowing from possible deportation can be considered, see United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir. 1998) (discussing cases), a consideration of such hardships is different from Matadamus-Briceno's apparent attempt to seek a downward departure for the purpose of altering her immigration status. It is one thing for a court to consider the effect of deportation on sentencing. It is quite another for a court to consider sentencing as a way to affect deportation.