UNITED STATES of America,
Plaintiff–Appellant,

v.

Oscar Guadalupe LEYVA–FRANCO,
Defendant–Appellee.

No. 02–10036.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 2002.*

Filed Dec. 5, 2002.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Paul K. Charlton, Georgia B. Ellexson, Richard E. Gordon, United States Attorney's Office, Tucson, AZ, for the appellant.

Jose H. Robles, The Johnson House Offices, Tucson, AZ, for the appellee.

Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

## OPINION

PER CURIAM.

The United States appeals from a sentence imposed on appellee, Oscar Guadalu-

** The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

pe Leyva–Franco, for importing five kilograms or more of cocaine from Mexico. The sentence was a result of a downward departure of four levels based on "aberrant behavior." U.S.S.G. § 5K2.20. The government objected to the departure, relying on evidence tending to show that the defendant had admitted to a customs inspector "crossing [the border] numerous times [with cocaine] in the week prior to his arrest." Appellee Leyva–Franco denies making any such admission.

■ Following the imposition of sentence, the prosecutor asked the court to make a finding in connection with the departure as to whether Leyva–Franco had admitted prior importations. The court replied: "I'm not making a finding either way. I'm saying I considered it." On appeal, the government argues that the district court violated Fed.R.Crim.P. 32(c)(1) and that this matter should be remanded for resentencing.

Rule 32(c)(1) provides:

At the sentencing hearing, the court must afford counsel for the defendant and for the Government an opportunity to comment on the probation officer's determinations and on other matters relating to the appropriate sentence, and must rule on any unresolved objections to the presentence report. The court may, in its discretion, permit the parties to introduce testimony or other evidence on the objections. For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

Our circuit jurisprudence requires "strict compliance" with this rule. *See,*

*e.g., United States v. Houston,* 217 F.3d 1204, 1207 (9th Cir.2000); *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).

■ With certain exceptions not here relevant, a district court may depart below the guideline range if the case is "extraordinary" and if the defendant's criminal conduct constituted "aberrant behavior." U.S.S.G. § 5K2.20. "'Aberrant behavior' means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20, p.s., comment. (n.1.).

The presentence report in this case identified the issue of whether the defendant had acknowledged that the charged importation was only the last in a series. It did not, however, make a recommendation on resolving this factual issue. The defendant insisted that there had been no such admission and objected to the inclusion of any reference to it in the report. The government insisted that the admission had been made, that the instant importation had been only one of a series, and, accordingly, that its occurrence did not "represent a marked deviation ... from an otherwise law abiding life." Thus, at the sentencing hearing there was an important unresolved objection to the presentence report.

The district court did not resolve this objection and the underlying conflict prior to imposing sentence. When called upon to make a finding on this relevant and controverted matter after sentencing, the district court expressly declined to make such a finding. Nor did the court assure the parties that it regarded the matter as immaterial to its sentencing decision. On the contrary, as earlier noted, the court affirmatively represented that it had "considered" the matter. The court's failure to

resolve this conflict or to represent that the matter would not affect the sentencing decision was a violation of Fed.R.Crim.P. 32(c)(1). *See Houston,* 217 F.3d at 1208 (Rule 32(c)(1) violated when district court failed to "express[ly]" resolve conflict as to whether bank robber made threat of bodily injury to tellers).

Appellee acknowledges that Rule 32(c)(1) requires the sentencing court to expressly resolve factual conflicts or to expressly determine that no finding is necessary. He further acknowledges that if this is not done, the sentence must be vacated and the matter remanded for resentencing. *United States v. Carter,* 219 F.3d 863, 867, 869 (9th Cir.2000). He makes only two arguments in favor of an affirmance. First, he argues that "Rule 32 provides due process protection for a defendant who contests sentencing issues" and cannot be used by the government "to argue against application of a downward departure for aberrant conduct." Second, he insists that "the district court's express finding that appellee's conduct consisted of aberrant conduct resolved the factual dispute whether he participated in a prior cocaine delivery." Neither argument is persuasive.

Although Rule 32(c)(1) is more frequently invoked by defendants, it is not a one-way street and the defendant is not its sole intended beneficiary. In addition to providing due process protection for the defendant, the findings required by the rule are intended to assure that all relevant issues are identified and resolved, to facilitate appellate review, and to assist administrative agencies that are required to make decisions based on presentence reports. *See, e.g., United States v. Eschweiler,* 782 F.2d 1385, 1387 (7th Cir. 1986). Because of its multiple objectives, the rule mandates that the sentencing court speak to "each matter controverted" without regard to which side stands to benefit or lose from a resolution of the conflict. If the government wishes to have a conflict resolved, it is entitled to have the court make a finding or declare that the matter will not affect the sentencing decision. *Houston,* 217 F.3d at 1208.

Contrary to appellee's suggestion, the district court's decision to grant a four-level departure for aberrant conduct does not alone satisfy Rule 32(c)(1). We rejected a similar argument in *Houston* where the district court enhanced the base offense level by two for express threats of death without addressing a conflict in the evidence as to whether the defendant made such threats. The government contended that the enhancement alone constituted a resolution of that conflict. We reversed, noting that the district court's failure to address the evidentiary conflict "left [us] guessing whether [it] recognized, contemplated, and resolved" the issue of whether the defendant made the threats attributed to him. *Id.* at 1209. Accordingly, we were left with no choice but to remand the case for further fact finding and resentencing. Similarly, the district court's conclusion in this case that a downward departure was appropriate leaves us guessing as to (1) whether it simply failed to focus on the factual conflict prior to its decision, (2) whether it did not believe the alleged admissions were made, (3) whether it believed they were made but did not regard them as precluding a § 5K2.20 downward departure, or (4) whether, considering all the circumstances, it believed the departure to be "just." Once again, we have no alternative but to remand for further fact finding and resentencing.

We vacate appellee's sentence and remand the case for resentencing.

VACATED AND REMANDED.