**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose A. LUNA, Defendant–Appellant.**

**No. 02–50429.**

**D.C. No. CR–02–00387–MLR.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jose A. Luna appeals the sentence imposed following his guilty plea for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Luna contends that the district court erred in applying an upward adjustment pursuant to U.S.S.G. § 3B1.4 for the use of a minor to commit a crime, without making any specific findings during the sentencing hearing as to its application. We review de novo, *United States v. Houston*, 217 F.3d 1204, 1206 (9th Cir.2000), and we conclude that the district court erred by not making specific findings resolving Luna's objection to this upward adjust-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment. *See* Fed.R.Crim.P. 32(c)(1) (requiring that the court "must rule on any unresolved objections to the presentence report ... [and] for each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary"); *Houston*, 217 F.3d at 1207–09 (requiring "strict compliance with Rule 32").

Accordingly, we vacate Luna's sentence and remand for further fact finding and resentencing. *United States v. Levya–Franco*, 311 F.3d 1194, 1197 (9th Cir.2002) (per curiam) (vacating and remanding for resentencing where the sentencing court failed to resolve a disputed issue as required under Rule 32(c)(1)).

**VACATED and REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.