**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brandon LEWIS, Defendant–Appellant.**

No. 03–10140.

D.C. No. CR–92–00229–1–PHX/PG.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

Linda C. Boone, USPX–Office of the U.S. Attorney, Harriet M. Bernick, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

Jon M. Sands, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM**

Brandon D. Lewis appeals the 60–month sentence imposed upon the district court's revocation of his supervised release term. We have jurisdiction pursuant to 18 U.S.C. § 3742. We vacate and remand, in part, and affirm, in part.

Lewis first contends that the district court erred in failing to give him the right to allocution under Fed.R.Crim.P. 32 before his sentencing on revocation of supervised release. As conceded by the government, the district court's error is not harmless. *See United States v. Carper,* 24 F.3d 1157, 1162 (9th Cir.1994) (deciding that "when the district court has discretion to impose a sentence shorter than the one it selected, the denial of defendant's right of allocution is not harmless error"); *see* Fed.R.Crim.P. 32(i)(4)(A)(ii). Accordingly, we vacate the sentence and remand on this issue.

Lewis also contends that the sentencing court erred in failing to resolve a factual dispute regarding the classification of his supervised release violation under U.S.S.G. § 7B1.1. The court did not err by not resolving this dispute because it unambiguously stated that resolution of the issue was unnecessary because it was not relying upon it for sentencing. *See* Fed. R.Crim.P. 32(i)(3)(B) (stating that the court must either resolve a controverted matter or determine that the ruling is unnecessary for sentencing); *cf. United States v. Leyva–Franco,* 311 F.3d 1194, 1196–97 (9th Cir.2002) (per curiam) (deciding that the sentencing court violated Rule 32 because it failed to either resolve a controverted matter "or to represent that the matter would not affect sentencing").

**VACATED and REMANDED in part, and AFFIRMED in part.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.