**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Alberto RODRIGUEZ–LUNA,
Defendant—Appellant.**

No. 07–10509.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2008.

Filed June 19, 2008.

Raymond Woo, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff–Appellee.

Daniel L. Kaplan, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: TASHIMA, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Jose Rodriguez–Luna ("Rodriguez–Luna") appeals his sentence of 21 months following a guilty plea to reentry after deportation in violation of 8 U.S.C. § 1326(a).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we vacate and remand.

Rodriguez–Luna contends that the district court violated Federal Rule of Criminal Procedure 32 by refusing either to rule on or to declare that he would not consider for sentencing a matter disputed by the parties, namely, whether Rodriguez–Luna had been a passenger or the smuggler when apprehended by Border Patrol. We review de novo the district court's compliance with Rule 32. *United States v. Saeteurn*, 504 F.3d 1175, 1178 (9th Cir.2007). That rule provides: "At sentencing, the court ... must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R.Crim. Proc. 32(i)(3)(B). "Rule 32[ ] requires the sentencing court to expressly resolve factual conflicts or to expressly determine that no finding is necessary.... [I]f this is not done, the sentence must be vacated and the matter remanded for resentencing." *United States v. Leyva–Franco*, 311 F.3d 1194, 1197 (9th Cir.2002). This court "requires strict compliance with th[e]

rule." *Id.* at 1196 (quotation marks omitted).

Initially, we reject the government's suggestion that under *United States v. Saeteurn*, the district court was not required to make a Rule 32 determination in these circumstances. The government reads *Saeteurn*, 504 F.3d at 1178–79, to stand for the proposition that a district court is required to comply with Rule 32 only where the factual dispute directly concerns sentencing enhancements under the guidelines. Under the government's reasoning, because the present factual dispute did not affect the calculation of the guidelines range of Rodriguez–Luna's sentence, Rule 32's mandate is not operative. However, in *Saeteurn* we held that the district court's actions "did not violate Rule 32(i)(3)(B), which is limited to factual disputes which affect the *temporal term* of the sentence the district court imposes." *Id.* at 1181 (emphasis added). *Saeteurn* thus concerned a dispute that did not affect the length of the defendant's sentence; by contrast, the present dispute may have affected the length of Rodriguez–Luna's sentence, if not the guidelines range within which that sentence fell. Thus the dispute mandated a Rule 32 ruling.

The problem for us on this record is that the district court never explicitly resolved or declared irrelevant the dispute concerning the original smuggling charge. On the contrary, the court stated, among other things, "I'm going to look at the matters that have been filed with the Court about [Rodriguez–Luna's] circumstances ...," which possibly could be read to include the stricken smuggling allegation. In light of our requirement of "strict compliance" with Rule 32, we conclude that it is appro-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here.

priate to vacate Rodriguez–Luna's sentence and remand for resentencing.[2]

**SENTENCE VACATED and REMANDED.**

---

**2.** Given our determination that Rodriguez–Luna's sentence was procedurally defective, we need not reach whether Rodriguez–Luna's sentence was substantively reasonable, or whether consideration of the hearsay statements given by the deported witnesses violated either his rights to due process or his rights under the Confrontation Clause of the Constitution.