**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Luis Alberto ATONDO–SANTOS,
Defendant—Appellee.**

No. 01–10498.
D.C. No. CR–00–01614–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2002.*

Decided July 1, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM **

Luis Alberto Atondo–Santos was indicted for possession with intent to distribute of 117 pounds of cocaine in violation of Title 21, United States Code, Section 841(a)(1), and for importation of 117 pounds of cocaine in violation of Title 21, United States Code, Section 952(a). Atondo–Santos entered a guilty plea to both counts, and the district court sentenced him to 66 months in prison. The United States appeals the sentence, assigning error to the district court's decision to depart downward for aberrant behavior. The district court did not specify how many levels it departed downward. However, according to the Presentence Report, Atondo–Santos had a total offense level of 31 and criminal history category of one, a

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

combination for which the Federal Sentencing Guidelines provide a sentencing range of 108 to 135 months.

A district court's decision to depart from the Federal Sentencing Guidelines is reviewed for abuse of discretion. *See United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc) (citing *Koon v. United States,* 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). "A district court's decision to depart from the Guidelines ... will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon,* 518 U.S. at 98 (citation omitted).

 The government argues that Atondo–Santos' criminal conduct does not satisfy the definition of aberrant behavior set forth in the Federal Sentencing Guidelines: "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding-abiding life." U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5K2.20, cmt. n. 1 (2000). The government claims that Atondo–Santos, by his own admission, did not lead an otherwise law-abiding life. Atondo–Santos admitted that he had smuggled a load of marijuana into the United States within two weeks of the instant offense, and that he sold drugs to support his cocaine addiction. At the sentencing hearing, Atondo–Santos' attorney stated that although his client's criminal conduct was "not a technical aberrancy," it was "out of the norm" of his client's life. When the district court sentenced Atondo–Santos, instead of explaining the basis for the departure and the extent of the departure, it merely stated the following: "The number I've picked for you in terms of how much time you have to serve is ... 66 months in custody.

That's over five years. That's about four years less than the guidelines recommend. So you've gotten significant benefit. Over the objection of [the government], I'm finding aberrant behavior to allow me to depart downward to that number."

A district court is required to articulate the reasons for its decision to depart and for the extent of the departure. *See United States v. Working,* 224 F.3d 1093, 1102 (9th Cir.2000) (en banc) "The requirement that the district court explain its reasons for assigning a departure ... is indispensable to furthering the fundamental goal of the Sentencing Reform Act, which is to place federal sentencing on an objective, uniform, and rational (or at least articulable, nonintuitive) basis." *Id.* (citation and internal quotation marks omitted). The district court gave no explanation for its decision to grant a departure for aberrant conduct, an omission that is particularly glaring in light of the evidence that Atondo–Santos's conduct was not aberrant. In fact, it appears that the district court first decided upon a sentence of 66 months, and only then found "aberrant behavior to allow [it] to depart downward to that number." We cannot uphold a decision to depart from a minimum prison term of 108 months down to an actual sentence of 66 months when the district court articulates no reason for the departure and the defendant himself admits to recent drug smuggling and dealing. Because the record does not provide an adequate explanation for the fact and extent of the departure, we

REVERSE AND REMAND.