UNITED STATES of America, Plaintiff–Appellee,

v.

Darrin E. MALLEY, Defendant–Appellant.

No. 01–30069.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Filed Oct. 7, 2002.

Anthony R. Gallagher, Federal Defender, Great Falls, MT, for defendant-appellant Darrin E. Malley.

David G. Dennis (argued), Marcia Good Sept (briefed), Assistant United States Attorneys, Great Falls, MT, for plaintiff-appellee United States of America.

Before HALL, TASHIMA and RAWLINSON, Circuit Judges.

RAWLINSON, Circuit Judge.

In this appeal, we must determine whether Application Note 6 of § 5C1.1 of the United States Sentencing Guidelines ("Note 6") provides independent authority for the district court to depart downward from the applicable guideline sentencing range. We think not.

**FACTUAL BACKGROUND**

Malley pled guilty to three counts involving transporting, receiving and possessing child pornography, and agreed to a fourth count for the forfeiture of his computer. Malley's total offense level was 25, with a criminal history of category I, resulting in a sentencing range of 57 to 71 months. This combination of offense level and criminal history corresponded to Zone D on the Sentencing Table. At his sentencing hearing, Malley argued for a downward departure under section 5C1.1 of the Sentencing Guidelines, Application Note 6. Note 6 provides:

> There may be cases in which a departure from the guidelines by substitution of a longer period of community confinement than otherwise authorized for an equivalent number of months of imprisonment is warranted to accomplish a specific treatment purpose (*e.g.*, substitution of twelve months in an approved residential drug treatment program for twelve months of imprisonment). Such a substitution should be considered only in cases where the defendant's criminality is related to the treatment problem to be addressed and there is a reasonable likelihood that successful completion of the treatment program will eliminate that problem.

U.S.S.G. § 5C1.1, cmt. n. 6. The district court denied the requested departure on the basis that Note 6 did not bestow "legal authority to make a downward departure in the offense level."

The district court sentenced Malley to a term of thirty-six months in prison, followed by supervised release for a period of three years. The court specifically requested that the Bureau of Prisons assign Malley to the sex offender treatment program at Butner Federal Correctional Institution. Although the district court denied the requested downward departure under Note 6, it granted a five-level downward departure for diminished capacity under § 5K2.13 and extraordinary acceptance of responsibility. Malley's total of-

fense level was lowered to level 20, giving him a guideline range of 33 to 41 months. No fine or restitution was imposed, and, upon motion of the United States, the special assessment was remitted. Malley filed a timely appeal of his sentence.

**STANDARD OF REVIEW**

■ Whether a particular factor is a permissible basis for departure is reviewed *de novo*. *United States v. Martinez–Martinez*, 295 F.3d 1041, 1043 (9th Cir.2002).

**DISCUSSION**

■ "Application notes are binding on the courts in their construction of the Sentencing Guidelines." *United States v. Hernandez–Sandoval*, 211 F.3d 1115, 1117 n. 3 (9th Cir.2000). However, contrary to Malley's proposition, Note 6 does not provide an independent basis for the court to depart from the applicable guideline range. Note 6 merely provides a basis for the court to depart from the Guidelines' applicable imprisonment requirements.[1] Malley's proposition finds no support in the plain language of the Guidelines, the context of the Guidelines, or existing case law.

The plain language of Note 6 supports the conclusion that the application reference is to deviation from the Guideline's imprisonment requirements. *See Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir.2000) ("Statutory interpretation begins with the plain meaning of the statute's language."). Note 6 specifically refers to "a departure from the guidelines by substitution of a longer period of community confinement than otherwise authorized for an equivalent number of months of imprisonment." As the district court ruled, this provision simply provides the sentencing court with the alternative of deviating from the guideline's imprisonment requirements in certain circumstances by substituting more time in community confinement. It does not in any way provide for a reduction in the length of the sentence imposed.

The context of Note 6 bolsters this conclusion. *See Gorbach v. Reno*, 219 F.3d 1087, 1093 (9th Cir.2000) ("A particular statutory provision must be read in context with a view to its place in the statutory scheme . . . ."). Note 6 is located in Chapter 5, Part C of the Guidelines, entitled "Imprisonment." This fact is not without significance. *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1143 n. 6 (9th Cir.2002) (recognizing that titles may "shed light on some ambiguous word or phrase.").[2]

■ A bedrock principle of statutory interpretation is that statutes should be interpreted so as to give effect to all of its provisions. *M–S–R Pub. Power v. Bonneville Power Admin.*, 297 F.3d 833, 844 (9th Cir.2002). Malley's urged interpretation would violate that principle by negating § 5C1.1(f), which requires a sentence of imprisonment "[i]f the applicable guideline

---

1. The difference between these two concepts is that one addresses the "form" of the sentence (i.e., imprisonment, community confinement), while the other addresses the "length" of the sentence (i.e., reducing or increasing the guideline range). *See United States v. Simpson*, 7 F.3d 813, 817 (8th Cir.1993) (noting that sentencing decisions involve consideration of "form and length"). Malley has incorrectly assumed that departures only relate to the length of sentence (applicable guideline range) and contends that the reference to "departure" in Note 6 must be interpreted in that manner.

2. By way of contrast, Part K is entitled "Departures," and explicitly authorizes departures from the applicable sentencing range. This category of departure specifically contemplates: "a sentence outside the range established by the applicable guideline," U.S.S.G. § 5K2.0; "[a] sentence above the authorized guideline range," § 5K2.1; and "[a] sentence below the guideline range . . . ." § 5K2.10.

range is in Zone D of the Sentencing Table." U.S.S.G. § 5C1.1(f); *See United States v. Machiche–Duarte*, 286 F.3d 1153, 1156 (9th Cir.2002) (noting that a sentencing departure is proper only if the requisites for the departure are met). This consideration further undermines Malley's contention.

Part C of the Guidelines addresses imprisonment alternatives in terms of the applicable Zones in the Sentencing Table. For example, a sentence of imprisonment is generally not required if the applicable guideline range is in Zone A, while a sentence of imprisonment is required if the applicable guideline range is in Zone D. U.S.S.G. § 5C1.1(b), (f). For offenders falling within Zones B or C, intermittent confinement, community confinement, or home detention may be substituted for a sentence of imprisonment. U.S.S.G. § 5C1.1(c), (d). Nowhere in this section is a departure in the length of the sentence or applicable guideline range mentioned. Considering the context of Note 6, it can only be fairly read to address departure from the Guideline's imprisonment requirements.

Although the precise issue before us has not been addressed, cases referring to Note 6 implicitly recognize that it provides for an "imprisonment departure," rather than departure to a lower offense level. *See United States v. Latimer*, 991 F.2d 1509, 1513 (9th Cir.1993) (recognizing that § 5C1.1 sets forth "the ratio at which a court may substitute community confinement for imprisonment"); *United States v. Wirth*, 250 F.3d 165, 170–71 (2nd Cir.2001) (describing Note 6 as authorizing a "departure" by substituting a drug treatment program for imprisonment); *United States v. Gee*, 226 F.3d 885, 903 (7th Cir.2000) (noting the distinction between departing from offense levels and departing from the restrictions of § 5B1.1 and 5C1.1, and ruling that "the district court improperly departed outside the Guidelines" when it sentenced the defendant, whose offense level was in Zone D, to home detention); *United States v. Elkins*, 176 F.3d 1016, 1020 (7th Cir.1999) (classifying community confinement and home detention as imprisonment substitutes that do not constitute imprisonment).

Malley's misplaced reliance on *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), does not compel a contrary holding. *Koon* merely reminds us that the Commission did "not intend to limit the kinds of factors, whether or not mentioned anywhere else in the guidelines, that could constitute grounds for departure in an unusual case." *Id.* at 106, 116 S.Ct. 2035 (citation omitted). In *Koon*, the United States Supreme Court did not purport to create a new basis for departure. Rather, the Court simply clarified that courts are not limited in the factors that may be considered for sentencing purposes. *Koon* does not support Malley's implicit contention that courts must construe all of the chapters, provisions, and application notes as granting independent bases for departure.

## CONCLUSION

There is no principled basis upon which we can accept or apply Malley's proffered interpretation of Application Note 6 to authorize a downward departure in the offense level. The district court correctly determined that Note 6 provided no authority upon which to base the requested departure.

**AFFIRMED.**