**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Ernestina Alegria GUERRERO, aka;**
**Ernestina Guerrero–Alegria,**
**Defendant–Appellee.**

No. 01–10717.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2002.*

Filed June 27, 2003.

Jerry R. Albert, Assistant United States Attorney, Tucson, Arizona, for the plaintiff-appellant.

* The panel unanimously finds this case to be suitable for decision with out oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Jose M. Lerma, Tucson, Arizona, for the defendant-appellee.

Before BRUNETTI and TASHIMA, Circuit Judges, and EZRA, District Judge.**

## OPINION

TASHIMA, Circuit Judge.

The United States appeals the district court's sentence imposed upon Ernestina Alegria Guerrero following her guilty plea conviction for conspiracy to possess marijuana with intent to distribute it. On appeal, the government argues that the district court abused its discretion in departing downward on the ground of aberrant behavior under U.S.S.G. § 5K2.20. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We vacate the sentence and remand for resentencing.

## BACKGROUND

Ernestina Alegria Guerrero and her co-defendant, Celine Alegria, were arrested by Border Patrol agents at a checkpoint near Whetstone, Arizona, with ten bundles of marijuana weighing 157.4 pounds in the trunk of their vehicle. In post-arrest interviews, both women said that they had been approached by an individual who told them they would be paid to take the vehicle to Sierra Vista, where it would be loaded with marijuana, and to return the vehicle to Tucson. They said they agreed to do this because they needed money. Guerrero pleaded guilty to conspiracy to possess marijuana with intent to distribute it, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C).

During her pretrial release on these charges, Guerrero tested positive five times for the presence of controlled substances, and the government moved to revoke her pretrial release. That motion was denied. Subsequently, Guerrero again tested positive for cocaine on two occasions. She was then taken into custody on a pretrial violation warrant. At the booking small amounts of suspected marijuana and crack cocaine were found in her purse.[1] Guerrero told the probation officer that she was a recovered alcoholic, but that she smoked marijuana daily most of her adult life. She said she had become addicted to crack cocaine and was interested in participating in substance abuse counseling. The probation officer reported that Guerrero had been treated for major depressive disorder and anxiety disorder and that an evaluation by COPE Behavioral Services, Inc., diagnosed her with post traumatic stress, major depression, and marijuana/cocaine abuse.

The pre-sentence investigation report recommended no departures from the sentencing guidelines; it also recommended a sentence of 30 months, at the low end of the guideline range. At the sentencing hearing, the district court rejected Guerrero's requests for departures based on coercion and diminished capacity. Guerrero also requested a departure based on aberrant behavior. The government argued that a departure for aberrant behavior was not warranted because Guerrero had not led a law-abiding life and because her drug addiction necessarily compelled her to engage in the illegal possession of drugs. In response, Guerrero argued that her prior drug use was due to her psychological disorders and a savage attempted rape. The district court granted a four-level

---

** The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

1. Guerrero had been arrested in 1999 for marijuana possession, but the record contains no evidence that she was convicted.

downward departure for aberrant behavior, stating:

As to aberrant behavior, [the government] takes the position that because there has been drug use by [Guerrero] that this could not possibly be aberrant behavior.

But the thing is that there are—it's a far cry I think from using drugs, from being addicted to drugs, to being involved in minor scrapes with the police to being involved in the transportation of 157 pounds of marijuana. I think that for them that crime, that act is aberrant. And based on that there will be a departure.

Unfortunately there is no way to get us down to probation given the amount of drugs in this case. The departure for aberrant behavior will be a four-level departure.

The district court then sentenced Guerrero to eight months in custody and two years of supervised release, with a condition that she participate in a substance abuse program during her period of supervised release.

## STANDARD OF REVIEW

■ We review the district court's decision to depart from the Sentencing Guidelines for abuse of discretion. *See United States v. Sablan,* 114 F.3d 913, 916 (9th Cir.1997) (en banc) (citing *Koon v. United States,* 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)). "A district court's decision to depart from the Guidelines ... will in most cases be due

substantial deference, for it embodies the traditional exercise of discretion by a sentencing court." *Koon,* 518 U.S. at 98, 116 S.Ct. 2035 (citation omitted). We review the court's legal interpretations of the guidelines *de novo. United States v. Matus–Leva,* 311 F.3d 1214, 1218 (9th Cir. 2002).[2]

## ANALYSIS

■ Section 5K2.20 of the Guidelines, which became effective on November 1, 2000, sets forth the standard for departures for aberrant behavior:

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior.

U.S.S.G. § 5K2.20 (2000). Application of this new section is an issue of first impression in this circuit.

The Sentencing Guidelines recognized the authority of courts to depart downward for aberrant behavior before the Sentencing Commission's adoption of the specific policy statement set out in § 5K2.20. *See* 18 U.S.C. § 3553(b) (providing that a court may consider mitigating circumstances of a kind "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described"); U.S.S.G., Ch. 1 Pt. A, intro. ¶ 4(d) (1999) (amended 2000) ("The Commission, of course, has not dealt with the single acts of aberrant behavior that

---

**2.** The recently-enacted Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (the "PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (Apr. 30, 2003), amends 18 U.S.C. § 3742(e), and affects the standard of appellate review for certain sentencing guideline issues, including departures. Because we conclude that the district court erred even under the

more deferential abuse of discretion standard, we find it unnecessary to decide whether the PROTECT Act applies to this appeal, which was pending at the time of the Act's enactment. We also note that resentencing may be affected by the PROTECT Act, but that is a decision for the district court to make on remand.

still may justify probation at higher offense levels through departures."). In proposing the new guideline, the Commission explained that it was responding to a split in the circuits regarding whether, "for purposes of downward departures from the guideline range, a 'single act of aberrant behavior' includes multiple acts occurring over a period of time." U.S.S.G. Supp. to App. C., cmt. to amend. 603 at 78 (2000). This circuit had adopted the minority, "totality of the circumstances," approach. *See United States v. Takai,* 941 F.2d 738, 743–44 (9th Cir.1991). The new guideline, however, rejects the "totality of the circumstances" approach and clarifies when the departure is potentially applicable:

> The amendment addresses the circuit conflict but does not adopt in toto either the majority or minority circuit view on this issue. As a threshold matter, this amendment provides that the departure is available only in an extraordinary case. However, the amendment defines and describes "aberrant behavior" more flexibly than the interpretation of existing guidelines language followed by a majority of circuits that have allowed a departure for aberrant behavior only in a case involving a single act that was spontaneous and seemingly thoughtless.... At the same time, the Commission also chose not to adopt the "totality of circumstances" approach endorsed by the minority of circuits, concluding that the latter approach is overly broad and vague....
>
> ... The Commission intends that the phrases "single criminal occurrence" and "single criminal transaction" will be somewhat broader than "single act," but will be limited in potential applicability to offenses (1) committed without significant planning; (2) of limited duration;

and (3) that represent a marked deviation by the defendant from an otherwise law-abiding life. For offense conduct to be considered for departure as aberrant behavior, the offense conduct must, at a minimum, have these characteristics.

U.S.S.G. Supp. to App. C., cmt. to amend. 603 at 78 (2000).

 The Guideline does not define "extraordinary." The Application Notes, however, explain that "aberrant behavior" is specifically required to have three components:

> For purposes of this policy statement— "Aberrant behavior" means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life.

U.S.S.G. § 5K2.20, comment. (n.1) (2000). The two circuits to have considered the application of § 5K2.20 have concluded that "the sentencing court must conduct two separate and independent inquiries, both of which the defendant must satisfy before a departure can be granted. That is, the court must determine whether the defendant's case is extraordinary and whether his or her conduct constituted aberrant behavior." *United States v. Castano–Vasquez,* 266 F.3d 228, 235 (3d Cir. 2001); *see also, United States v. Jimenez,* 282 F.3d 597, 602 (8th Cir.2002). In addition, both circuits held, that for offense conduct to be considered for departure as aberrant behavior, it must have the three characteristics listed in the guideline. *Castano–Vasquez,* 266 F.3d at 233; *Jimenez,* 282 F.3d at 602. This is the logical reading of the guideline and the commentary, particularly given that the commen-

tary refers to the extraordinariness determination as a "threshhold" consideration, then provides specific factors to assess whether the behavior is aberrant. We agree with and adopt this approach, and hold that, prior to departing downward for aberrant behavior under § 5K2.20, a sentencing court must find both that the case is extraordinary and that the behavior was aberrant under the three-factor test.[3]

The district court did not make either determination—that Guerrero's case was extraordinary or that her offense conduct had the characteristics concerning planning, duration, and deviation "from an otherwise law-abiding life." We therefore vacate the sentence and remand for resentencing. If the district court elects to exercise its discretion again to depart based on aberrant behavior, it must base its departure on the required findings.

## CONCLUSION

Because the district court erred in not making the required findings, we vacate the sentence and remand the case for resentencing.

**VACATED and REMANDED.**

---

**3.** The government and Guerrero agree that the guideline requires both an extraordinary case and aberrant behavior for a departure.