**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Luis Alberto ATONDO–SANTOS,**
**Defendant—Appellee.**

No. 02–10624.

D.C. No. CR–00–01614–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2003.*

Decided Aug. 7, 2003.

---

---

Before GOODWIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM**

On November 30, 2000, Defendant Luis Alberto Antondo–Santos pled guilty to a two-count indictment for possession with intent to distribute 117 pounds of cocaine and importation of the same amount. Although the U.S. Sentencing Guidelines recommended a range of 108–135 months, the district court sentenced the defendant to 66 months after departing downward for aberrant behavior. Because the dis-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

trict court did not provide an adequate explanation for its downward departure, we remanded with *specific* instructions to articulate the reasons why the defendant's criminal conduct constituted aberrant behavior, especially in light of the defendant's admission of prior drug smuggling and dealing. *See United States v. Atondo–Santos*, 41 Fed.Appx. 35, 2002 WL 1417580 (9th Cir.2002) (unpublished disposition).

Upon remand, the district court once again imposed a sentence of 66 months, but this time cited "minimal role," *see* U.S.S.G. § 3B1.2(a) and "Koon," *see United States v. Thompson*, 315 F.3d 1071, 1072 (9th Cir.2002), as its grounds for downward departure. The government has filed a second appeal; we reverse and remand for the second time.

The district court commenced the resentencing hearing with an explicit recognition of our instructions to provide specific reasons why the defendant's criminal conduct constituted aberrant behavior that justified a downward departure. The court then allowed the defense and prosecution to argue why the defendant's conduct did (or did not) constitute aberrant behavior. It even permitted the defendant to make a brief statement about how his drug smuggling activities were abnormal and borne from a "weakened state" of drug addiction.

After hearing from both sides on the issue of aberrant behavior, the district court abandoned our instructions and invoked two new grounds for downward departure. It reduced the defendant's recommended sentence of 108–135 months four levels pursuant to the "minimal role" departure and one level pursuant to the "Koon" departure. This yielded a sentence of 66 months, the same sentence it imposed on the defendant originally.

We recognize that district courts have the supervisory authority to raise *sua sponte* matters that may affect the rights of criminal defendants. *See United States v. Delgado–Cardenas*, 974 F.2d 123, 126 (9th Cir.1992). However, the rights of the defendant in this case were not threatened by our initial remand—he still had the opportunity to benefit from a downward departure, if one were justified, on aberrant behavior. Upon remand, the district court simply had to state its reasons for imposing a sentence that departs from the applicable guideline range. 18 U.S.C. § 3553(c)(2). Instead, it chose to depart downward on two new grounds that neither party had raised.

Limited remand is necessary again; this time to provide both parties the opportunity to brief and argue the two new grounds. Furthermore, the record, as it stands, does not provide an adequate basis to decide the defendant's eligibility for either the "minimal role" or "Koon" downward departure.[1]

Contrary to the defendant's contention, neither *United States v. Mitchell*, 49 F.3d 769 (D.C.Cir.1995), nor *United States v. Headley*, 923 F.2d 1079 (3rd Cir.1991), supports the sentence imposed. In *Mitchell*, the D.C. Circuit held that if a district court makes an express finding that one co-defendant was less culpable than another co-defendant, it is obliged to consider the possibility of a "minor role" reduction.

---

1. The Government argues that the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (April 30, 2003), requires a de novo, and not an abuse of discretion, review of the district court's departure decision. Because we hold that the record is deficient as it currently stands under either standard, we need not reach the issue of whether the PROTECT Act applies to this case. *See United States v. Guerrero*, 333 F.3d 1078, 1080 n. 2 (9th Cir.2003).

49 F.3d at 785. In *Headley,* the Third Circuit held that a district court does not commit a legal error when it fails to consider a defendant's eligibility for a minimal role adjustment. 923 F.2d at 1083. Neither case sheds light on the propriety of a district court's rejection of specific remand instructions, and its substitution of two new grounds for departure without providing either party an opportunity to brief or argue the new grounds.

Therefore, we reverse and remand with the reminder that *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), "did not purport to create a new basis for departure," but merely "clarified that courts are not limited in the factors that may be considered for sentencing purposes." *United States v. Malley,* 307 F.3d 1032, 1035 (9th Cir.2002).

REVERSED and REMANDED.

OREGON ADVOCACY CENTER;
Michael McCormack, Plaintiffs—
Appellees,

v.

Stanley MAZUR–HART, Superintendent of the Oregon State Hospital and his successors in office, Defendant—Appellant.

No. 02–35469.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided Aug. 7, 2003.

Before: SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

MEMORANDUM *

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

