**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Peter Bernard CAREY, Jr.,
Defendant—Appellee.**

No. 02–30407.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Nov. 17, 2003.

William W. Mercer, Esq., USMO—Office of the U.S. Attorney, Billings, MT, Josh Van de Wetering, Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellant.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellee.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

## MEMORANDUM *

The United States appeals the district court's sentence and fine imposed on Peter Bernard Carey, Jr., following his guilty plea conviction for possession with intent to distribute marijuana. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand the sentence.

■ The district court erred as a matter of law by failing to make the appropriate factual findings to support a downward departure for aberrant behavior under U.S.S.G. § 5K2.20. We recently have held that prior to departing downward, a sentencing court must make separate determinations that the case is extraordinary and that the behavior was aberrant. *United States v. Guerrero*, 333 F.3d 1078, 1082 (9th Cir.2003). Although it appears that the factual circumstances of this case warrant a downward departure for aberrant behavior, the district court's failure to separately determine both that the case is extraordinary and the behavior aberrant requires us to vacate the sentence and remand for resentencing.

■ The district court also erred in ordering that the fine imposed on Carey be distributed to the Missoula County School District rather than the Crime Victims Fund. *See* 42 U.S.C. § 10601(b)(1) ("there shall be deposited in the Fund ... all fines that are collected from persons convicted of offenses against the United States."). Carey, however, has already paid the fine to the Clerk of the Court. The monies may very well have been delivered to the school district, rendering any redistrib-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ution order moot. We therefore remand the question whether the fine is technically distributable to the proper entity, the Crime Victims Fund, to the district court.

**VACATED and REMANDED.**