**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Oscar Guadalupe LEYVA–FRANCO,**
**Defendant—Appellee.**

No. 03–10198.
D.C. No. CR–01–00518–TUC–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2004.*

Decided Feb. 19, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

 Fed. R.App. P. 34(a)(2).

Jerry R. Albert, Bruce M. Ferg, Office of the U.S. Attorney, Evo A. DeConcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Jose H. Robles, Law Office of Jose H. Robles, Tucson, AZ, for Defendant–Appellant.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

## MEMORANDUM**

The government again appeals the district court's four-level departure for aberrant behavior in sentencing Oscar Guadalupe Leyva–Franco. *See United States v. Leyva–Franco,* 311 F.3d 1194 (9th Cir. 2002). We must reverse and remand again for resentencing, as the court failed to make the threshold finding required by U.S.S.G. § 5K2.20 (2002) that this is an "extraordinary case."

■ At the outset, the parties disagree about whether our review is de novo pursuant to § 401(d)(2) of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 (PROTECT Act), Pub. L. No. 108–21, 117 Stat. 650, 670 (2003), or for abuse of discretion under *Koon v. United States,* 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). However, we recently decided that the PROTECT Act applies to appeals that were pending on the date the Act became law. *United States v. Phillips,* 87 Fed.Appx. 650, 02–30046, 2004 U.S.App. LEXIS 1253, at *33 (9th Cir. 2004) ("We conclude that the new standard of review must be applied in any case decided by this court subsequent to the PROTECT Act's effective date of April 30, 2003."). Therefore, we review under a de novo standard, but we would reach the same result under either standard.

■ Although it is not entirely clear whether the district court viewed § 5K2.20 as controlling, or whether it proceeded under the "totality of the circumstances" approach that we used before the enactment of § 5K2.20 (effective November 1, 2000), there is no question that since November 1, 2000, § 5K2.20 governs departures for aberrant behavior. The same version of § 5K2.20 was in effect when Leyva–Franco was arrested, initially sentenced, and re-sentenced. Section 5K2.20 did away with the "totality of the circumstances" approach. *See United States v. Guerrero,* 333 F.3d 1078, 1081 (9th Cir. 2003); U.S.S.G. Supp. to App. C., cmt. to amend. 603 at 78–79 (2000).

Instead, § 5K2.20 (2002) provides that an aberrant-behavior departure is avail-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

able only in an "extraordinary case," *and* under the 2002 Application Notes, only when the behavior involves "a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20, cmt. n. 1 (2002). As we held in *Guerrero*, "prior to departing downward for aberrant behavior under § 5K2.20, a sentencing court must find both that the case is extraordinary and that the behavior was aberrant under the three-factor test." 333 F.3d at 1082.[1]

Here, the district court did not find that Leyva–Franco's case was extraordinary. This means that we must vacate the sentence and remand for resentencing.

The government in addition argues that the court incorrectly found that Leyva–Franco committed a single criminal transaction even assuming that he had transported cocaine across the border for the same individual the week before. We do not reach this issue because the departure cannot stand for lack of the threshold finding. If the court on remand finds that the case satisfies the threshold requirement, we are confident that it will consider afresh whether Leyva–Franco's conduct amounted to aberrant behavior under the three-factor test of § 5K2.20, bearing in mind that it is he who has the burden of satisfying the court that a departure can be granted. *Guerrero*, 333 F.3d at 1081 (adopting approach of other circuits that the sentencing court must conduct two separate and independent inquiries, both of which the defendant must satisfy before a departure can be granted).

As the sole challenge is to application of § 5K2.20, the sentence with respect to other calculations remains intact. We vacate and remand for resentencing only the question of whether a departure for aberrant behavior is warranted. This will require the court to determine whether Leyva–Franco has shown that his case is extraordinary (under the 2002 version) or exceptional (under the 2003 version), *and* that his conduct constituted aberrant behavior, *i.e.*, that it was a single criminal occurrence or single criminal transaction that was committed without significant planning, was of limited duration, and represented a marked deviation from an otherwise law-abiding life. If the district court again decides to depart, it must base its departure on findings as to both prongs.

SENTENCE VACATED IN PART AND REMANDED IN PART.

---

1. We note that the guideline has since been amended, such that under the 2003 version the court must find that the case is "exceptional" rather than "extraordinary." *See* § 5K2.20(a) (2003). This amendment does not affect our analysis. We leave it to the district court on remand to determine which version applies.