**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Luis Alberto ATONDO–SANTOS,**
**Defendant–Appellee.**

No. 04–10095.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 19, 2004.*

Filed Oct. 6, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Christina M. Cabanillas, Deputy Appellate Chief, Tucson, AR, for the plaintiff-appellant.

Homero Torralba, Tucson, AR, for the defendant-appellee.

Before: GOODWIN, HAWKINS, and FISHER, Circuit Judges.

GOODWIN, Circuit Judge.

In April of 2001 Alberto Atondo–Santos pleaded guilty to one count of possession with intent to distribute 117 pounds of cocaine in violation of 21 U.S.C. § 841(a)(1), and to one count of importation of cocaine in violation of 21 U.S.C. § 952(a). As calculated in the Presentence Report, the U.S. Sentencing Guidelines recommend a sentence in the range of 108–135 months for this offense, based on a total offense level of 31 and a criminal history category of one.

The district court first sentenced Atondo–Santos in July 2001 to a sentence of 66 months in prison, departing downward from the Guidelines range on a finding of aberrant behavior. The United States appealed and we reversed and remanded. *United States v. Atondo–Santos,* 41 Fed. Appx. 35 (9th Cir.2002) (unpublished disposition). The district court failed to articulate its reasons for the departure as required by *United States v. Working,* 224 F.3d 1093, 1102 (9th Cir.2000) (en banc).

Upon remand, the district court imposed the identical sentence of 66 months, this time basing its downward departure on "minimal role," as set forth in U.S.S.G. § 3B1.2(a), and on *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We concluded that further briefing and argument on the issues were necessary, and that the record did "not provide an adequate basis to decide the defendant's eligibility for either the 'minimal role' or 'Koon' downward departure." *See United States v. Atondo–Santos,* 71 Fed.Appx. 742, 743 (9th Cir.2003) (unpublished disposition). We again reversed and remanded.

■ At its third and most recent sentencing hearing, the district court sentenced Atondo–Santos to 66 months in prison once again. The government has filed a third appeal. We reverse, and exercise our supervisory power under 28 U.S.C. § 2106 to reassign this case to a different district court judge for resentencing.

■ Following our second remand in *Atondo–Santos,* 71 Fed.Appx. 742 (9th Cir. 2003), the district court received no new evidence to support its "Koon" and "minimal participant" departures. Rather, the district court reiterated facts already in evidence, some of which constituted forbidden or discouraged grounds for departure under the Guidelines,[1] and then sentenced

---

1. For example, the district court cited Atondo–Santos's lack of a prior criminal record.

Although the defendant-appellee argues that his lack of a criminal record places him out-

Atondo–Santos to the same sentence of 66 months, ignoring our reminder that *"Koon* ... 'did not purport to create a new basis for departure,' but merely 'clarified that courts are not limited in the factors that may be considered for sentencing purposes.'" *Atondo–Santos,* 71 Fed.Appx. at 744 (quoting *United States v. Malley,* 307 F.3d 1032, 1035 (9th Cir.2002)).

The United States urges us to apply *de novo,* and not abuse of discretion, review of the re-sentencing decision because of the Prosecutorial Remedies and Other Tools To End the Exploitation of Children Today Act of 2003 ("PROTECT Act"). As we stated in *Atondo–Santos,* 71 Fed.Appx. at 743 n. 1, "the record is deficient as it currently stands" under either the more deferential abuse of discretion standard or under *de novo* review. Because the district court abused its discretion by failing to justify its downward departures, we need not reach the issue of whether the PROTECT Act applies to this case. *See United States v. Guerrero,* 333 F.3d 1078, 1080 n. 2 (9th Cir.2003).

■■■ The United States argues that, if this Court should decide to remand for a third time, we should remand to a different district court judge pursuant to our supervisory powers under 28 U.S.C. § 2106. We agree. As we explained in *United States v. Working:*

> Absent allegations of bias, the factors this court considers in deciding whether "unusual circumstances" exist and remand to a different judge is appropriate are: (1) whether the original judge

would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

287 F.3d 801, 809 (9th Cir.2002). Because factors one and two are of equal importance, a finding of either factor supports remand to a different district court judge. *See id.; State of California v. Montrose Chemical Corp. of California,* 104 F.3d 1507, 1521 (9th Cir.1997). In light of the history of this case and our previous remands, it is clear that the district court would have substantial difficulty in putting out of its mind its repeated, previously-expressed views that a 66 month sentence is appropriate in this case.

REVERSED and REMANDED with direction that the case be reassigned to a different district court judge.

---

side the heartland of the offense under *Koon,* that same case clearly states that a downward departure based on status as a first-time offender is not warranted because the Guidelines already take this factor into account. *See Koon,* 518 U.S. at 111, 116 S.Ct. 2035.

Similarly, drug and alcohol dependence cannot be a basis for departure under U.S.S.G. § 5H1.4, yet the district court repeatedly cited Atondo–Santos's addiction as a basis for downward departure.