**UNITED STATES of America, Plaintiff—Appellant,**

v.

**Oscar G. LEYVA–FRANCO, Defendant—Appellee.**

No. 04–10430.

D.C. No. CR–01–00518–1–RCC.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2005.[*]

Decided Jan. 12, 2006.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jerry R. Albert, Bruce M. Ferg, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellant.

Jose H. Robles, Law Offices of Clay Hernandez, PC, Tucson, AZ, for Defendant–Appellee.

Before PREGERSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Defendant–Appellee Oscar Guadalupe Leyva–Franco entered into a plea agreement and pled guilty to violating 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii). At sentencing, the district court granted Leyva–Franco a two-level "safety valve" reduction, a three-level acceptance of responsibility reduction, and a two-level role reduction. In addition, over the government's objection, the district court granted Leyva–Franco a four-level downward departure for aberrant behavior. The dis-

trict court imposed a sentence of 48 months in prison, followed by 60 months of supervised release. Leyva–Franco was released by the Bureau of Prisons after serving 48 months in prison. Following release, Leyva–Franco lost his resident alien status and was deported to Mexico on September 11, 2004.

The government again appeals the district court's four-level departure for aberrant behavior in sentencing Leyva–Franco. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Section 5K2.20 of the United States Sentencing Guidelines Manual permits a district court to depart downward in sentencing if the defendant's conduct was based on aberrant behavior. "[P]rior to departing downward for aberrant behavior under § 5K2.20, a sentencing court must find both that the case is extraordinary and that the behavior was aberrant under the three-factor test." *United States v. Guerrero,* 333 F.3d 1078, 1082 (9th Cir. 2003). In this case, the district court explained why Leyva–Franco's conduct was exceptional or extraordinary. The district court determined that Leyva–Franco's conduct was a single criminal occurrence that was committed without significant planning, was of limited duration, and represented a marked deviation by Leyva–Franco from an otherwise law-abiding life. Accordingly, we hold that the district court did not abuse its discretion in granting Leyva–Franco a downward departure for aberrant behavior under § 5K2.20, or in the extent of its departure, and that the resulting sentence was not unreasonable. *See United States v. Menyweather,* 431 F.3d 692, 697–98, 700–02 (9th Cir.2005).

The Sentencing Guidelines are now advisory. *See United States v. Ameline,* 409 F.3d 1073, 1074 (9th Cir.2005) (en banc).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Assuming without deciding that the government could seek a limited remand under *Ameline*, such a remand is unnecessary in this case. *See id.* at 1083 ("[T]he limited remand is invoked only when it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory.").

**AFFIRMED.**

KLEINFELD, Circuit Judge, Dissenting.

I dissent.

This defendant smuggled five kilograms or more of cocaine across the border. His sentence is around half of what similarly situated defendants ordinarily get. This case has come up on appeal twice before. Both times we vacated the sentence and mandated resentencing with findings. The district court has not complied with our mandate.

We held in a published opinion that the district court had to make a finding of fact as to whether it was true or false that the defendant had admitted smuggling drugs across the border before. The district court has still not made the finding. In its most recent iteration, the district court said in substance that it would not matter.

This is unsatisfactory for two reasons. First, it defies the mandate. When a case is remanded for resentencing, a district court has an absolute duty to comply with any instructions by the court of appeals.[1] Second, the burden is on the defendant to show that his behavior is aberrant, and he has not done so.

When this same district judge did substantially the same thing, imposing the same sentence three times in the face of repeated reversals, in *United States v. Atondo–Santos*,[2] we reversed and remanded with directions pursuant to our supervisory power under 28 U.S.C. § 2106 that the case be reassigned to a different district court judge. Like cases ought to be treated alike. We should do the same thing in this case.

---

1. *See* 18 U.S.C. § 3742(g).

2. *United States v. Atondo–Santos*, 385 F.3d 1199 (9th Cir.2004).

