UNITED STATES OF AMERICA,
Plaintiff—Appellee,

v.

Luis Alberto ATONDO–SANTOS,
Defendant—Appellant.

No. 05–10523.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 30, 2006.*

Decided May 8, 2006.

Jerry R. Albert, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Maria Suzanna Davila, Davila Law Office PC, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Atondo–Santos appeals his sentence after pleading guilty to one count of posses-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sion with intent to distribute 117 pounds of cocaine in violation of 21 U.S.C. § 841(a)(1), and to one count of importation of cocaine into the United States in violation of 21 U.S.C. § 952(a).

Atondo–Santos was initially sentenced to 66 months imprisonment on both counts, to be served concurrently, and 60 months supervised release on both counts, also to be served concurrently. The sentencing judge arrived at this sentence after granting Atondo–Santos a downward departure for "aberrant behavior." The guidelines range for Atondo–Santos's crimes was actually 108 months to 135 months.

The government appealed Atondo–Santos' 66 month sentence, and we reversed and remanded for resentencing. Upon resentencing, the sentencing judge imposed the same 66 month sentence. Again, the government appealed and again, we reversed. Undeterred, the sentencing judge imposed the same 66 month sentence. The government appealed for a third time and again, we reversed. On the third appeal, we also directed that the case be reassigned to a different judge for resentencing. *United States v. Atondo–Santos,* 385 F.3d 1199, 1201 (9th Cir.2004).

After we reversed Atondo–Santos' sentence for the third time, but before the new district judge had an opportunity to resentence, the Supreme Court decided *United States v. Booker,* rendering the sentencing guidelines advisory, 543 U.S. 220, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005). On resentencing Atondo–Santos, the new sentencing judge recognized the import of *Booker,* treated the guidelines as advisory, and sentenced him to 108 months on both counts, to be served concurrently, and 36 months of supervised release on both counts, also to be served concurrently.

In this appeal, Atondo–Santos argues that the district court erred on resentencing because it did not defer to his original sentence. According to Atondo–Santos, *Booker* mandates such deference. We disagree.

Atondo–Santos challenges his new, 108 month post-*Booker* sentence, which we now review for reasonableness. *United States v. Menyweather,* 431 F.3d 692, 694 (9th Cir.2005) (quoting *Booker,* 125 S.Ct. at 765–66). The record in this case contains no basis to question the reasonableness of Atondo–Santos' new sentence.

AFFIRMED.