**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Orlando Ray VASQUEZ, aka Eddie
Rumundo, Defendant—
Appellant.**

**No. 06–10531.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 2008.

Filed July 29, 2008.

Robert L. Ellman, USLV–Office of the U.S. Attorney, Las Vegas, NV, Paul S. Padda, U.S. Attorney's Office, South Las Vegas, NV, for Plaintiff–Appellee.

Mario Valencia for Defendant–Appellant.

Orlando Ray Vasquez, pro se.

Before: GOULD, CLIFTON, and N.R. SMITH, Circuit Judges.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM *

Orlando Ray Vasquez ("Vasquez") appeals his sentence for one count of bank robbery in violation of 18 U.S.C. § 2113(a).[1] We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we vacate Vasquez's sentence and remand for resentencing on an open record.

Vasquez challenges the district court's imposition of an eight-level "career offender" enhancement to his sentence under United States Sentencing Guidelines ("U.S.S.G.") section 4B1.1. Vasquez argues that an enhancement based on prior convictions whose underlying facts were neither found by a jury nor admitted by Vasquez violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny. This argument is unavailing. In *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the United States Supreme Court held that a district court may enhance a sentence based on a prior conviction even if the fact of conviction was not proven to a jury beyond a reasonable doubt or admitted by the defendant. *Id.* at 239, 247, 118 S.Ct. 1219. We have held that *Almendarez–Torres* remains binding precedent and that *Apprendi*-based challenges to the use of prior convictions to enhance a sentence will not succeed in our circuit. *See United States v. Narvaez–Gomez,* 489 F.3d 970, 977–78 (9th Cir.2007).

Vasquez also challenges his career offender enhancement by contending that it was error for the district court to rely on the criminal history information in his presentence report when that information was

[1]. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

not supported by judicially noticeable documentation. We agree.

. "A defendant is a career offender [and so subject to an enhanced sentence] if ... the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1 (a). A "crime of violence" is "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling ... or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). The government bears the burden of proof in seeking the sentence enhancement. *See United States v. Ameline*, 409 F.3d 1073, 1086 (9th Cir.2005) (en banc). The government must "establish clearly and unequivocally [that] the [prior] conviction[s were] based on all of the elements of a qualifying predicate offense." *See United States v. Navidad–Marcos*, 367 F.3d 903, 908 (9th Cir. 2004).

To determine whether an enhancement under U.S.S.G. section 4B1.1 is justified, a sentencing court engages in a two-step process. In the first step, the district court ordinarily does not consider the facts underlying a defendant's prior convictions but instead must "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *see also United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990). Thus a district court must first determine, under the categorical approach, whether the prior convictions identified in the presentence report—here, for (1) first degree residential burglary, and (2) assault with a deadly weapon, great bodily injury likely—fit the definition of "crime of violence." *See* U.S.S.G. § 4B1.2(a). This requires the district court to "look at the face of the statute itself and determine whether the fact of conviction and the statutory definition of the prior offense demonstrate that the defendant could not have been convicted of an offense outside the guideline definition [of 'crime of violence']." *United States v. Kelly*, 422 F.3d 889, 892–93 (9th Cir.2005) (citations, internal quotation marks, and alterations omitted).

Under the second step of the *Taylor* framework, sentencing courts may " 'go beyond the mere fact of conviction in a narrow range of cases' " where the statute under which the defendant was previously convicted is facially over-inclusive. *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003) (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143). In this modified categorical approach, the district court may "examine documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1106 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also United States v. Corona–Sanchez*, 291 F.3d 1201, 1211 (9th Cir.2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n. 4 (2002).

The district court did not conduct an adequate analysis under this framework. The only document that the district court had before it to make its sentence enhancement determination was Vasquez's presentence report. Under the categorical approach, a district court may rely upon a presentence report to determine a statute of prior conviction if "the presentence report identifies the statute of conviction and the defendant does not controvert it." *Corona–Sanchez*, 291 F.3d at 1212. Vasquez did not controvert the presentence report.

However, the report does not list the statutes under which Vasquez was convicted, so it cannot be used to conduct a categorical analysis of Vasquez's prior convictions. *See United States v. Franklin,* 235 F.3d 1165, 1172 (9th Cir.2000); *United States v. Matthews,* 278 F.3d 880, 885 (9th Cir.2002) (en banc).

The presentence report does not support the enhancement under the modified categorical approach either. A presentence report's factual account of a previous crime will not establish the necessary facts of conviction under the modified categorical approach if "all [the presentence report] does is recite the facts of the crimes as alleged in the charging papers" without specifying "if this information came from a source that we have previously deemed acceptable, such as a signed plea agreement, a transcript of the plea hearing, or a judgment of conviction." *Corona–Sanchez,* 291 F.3d at 1212; *see also Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Here, the presentence report recites facts of each offense gathered from police and arrest reports; it does not refer to any signed plea agreement, change of plea transcript, or judgment of conviction. The report's accounts are insufficient to justify the enhancement under the modified categorical approach. *See Corona–Sanchez,* 291 F.3d at 1212. The district court erred in using unsupported allegations of past convictions in the presentence report to enhance Vasquez's sentence under the "career offender" provision found at U.S.S.G. section 4B1.1(a).[2]

Because Vasquez did not challenge the presentence report's determination of the "career offender" enhancement before the district court, we review to determine whether this error was plain. *See United States v. Santiago,* 466 F.3d 801, 804 (9th Cir.2006); *see also Sandoval–Venegas,* 292 F.3d at 1109. "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Ameline,* 409 F.3d at 1078 (citation and internal quotation marks omitted). If these three prongs are met, we may exercise our discretion to correct the error if that error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). An error is considered plain if "it is contrary to the law at the time of appeal." *Id.* (internal quotation marks omitted). Vasquez bears the burden of proving that any error in the district court affected his substantial rights, i.e., that without the error, "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (internal quotation marks omitted).

We conclude that it was plain error for the district court to impose the "career offender" enhancement at U.S.S.G. section 4B1.1 because the district court's approach was squarely contrary to our precedent. *See Sandoval–Venegas,* 292 F.3d at 1109. The government has not met its burden of proving that Vasquez has two qualifying prior convictions. Moreover, the enhancement resulted in a substantially higher Guidelines range than Vasquez would otherwise have received. Thus Vasquez has

---

**2.** We decline to consider the supplemental documents provided by the government. These documents were not a part of the district court record. A party ordinarily may not offer new evidence on appeal, *see Lowry v. Barnhart,* 329 F.3d 1019, 1024–25 (9th Cir. 2003), and it is not clear that the supplemental documents would be sufficient to support the enhancement if considered. Thus we grant Vasquez's motion to strike the government's supplemental excerpts of record, without prejudice to the government's ability to present these documents or others on remand to the district court for its consideration in the first instance.

met his burden of proving that the error was plain and it affected his substantial rights. Given the disproportionate effect that the enhancement had on Vasquez's sentence, we conclude that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *Ameline,* 409 F.3d at 1078, and we exercise our discretion to redress the error.

Because the record contains a significant miscalculation of the Guidelines range (that was the starting point for the district court's sentencing decision), we vacate Vasquez's sentence and remand this case for resentencing pursuant to 18 U.S.C. § 3742(f)(1).[3] *See Gall v. United States,* — U.S. —, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *see also United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir. 2006). In remanding, we do not limit the evidence that the district court may consider. *See Matthews,* 278 F.3d at 885–86. We remand on an open record so that both parties can present evidence relevant to whether Vasquez has sufficient prior convictions for crimes of violence to qualify as a career offender under U.S.S.G. section 4B1.1.[4]

**VACATED AND REMANDED.**

---

**3.** We reject Vasquez's request on remand to assign the case to a different district judge. There is no record of intransigence by the district court as there was in the case on which Vasquez relies, *United States v. Atondo-Santos,* 385 F.3d 1199 (9th Cir.2004), and thus no "unusual circumstances" leading us to conclude, as in that case, that "the original judge would reasonably be expected upon remand to have substantial difficulty in putting

out of his or her mind previously-expressed views or findings determined to be erroneous." *See id.* at 1201 (quoting *United States v. Working,* 287 F.3d 801, 809 (9th Cir.2002)).

**4.** In light of our disposition, we need not reach the issues of whether Vasquez's sentence was reasonable or whether Vasquez is entitled to a remand under *Ameline.*