**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50129 |
| Plaintiff - Appellant, | D.C. No. 2:13 cr-0126 ODW-3 |
| v. | |
| ANTUAN DUANE DUNLAP, AKA Antuan Dunlap, AKA Rat Tone, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50285 |
| Plaintiff - Appellant, | D.C. No. 2:13 cr-0126 ODW-2 |
| v. | |
| JOSEPH CORNELL WHITFIELD, AKA Baby Flip, AKA Flip, AKA Joseph Whitfield, | |
| Defendant - Appellee. | |

Appeals from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 20, 2014
Pasadena, California

Before:      TASHIMA, W. FLETCHER, and BYBEE, Circuit Judges.

The United States appeals from the district court's orders dismissing an indictment against Defendants Antuan Dunlap and Joseph Whitfield on the ground of outrageous government conduct. *See United States v. Hudson*, 3 F. Supp. 3d 772 (C.D. Cal. 2014); *United States v. Whitfield*, 2014 WL 2761408 (C.D. Cal. June 18, 2014). Both Defendants were arrested as part of the same reverse-sting operation conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in which Defendants planned to rob an imaginary cocaine stash house invented by ATF agents. The government also moves that the case be reassigned to a different judge for any further proceedings. We have jurisdiction under 28 U.S.C. § 1291. We reverse and order reassignment.

**1.**      The district court erred in concluding that the government's conduct met the "extremely high standard" necessary to dismiss an indictment for outrageous government conduct. *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)). We have previously held that similar reverse-sting operations, if properly conducted, are a permissible law enforcement tactic. *See id.* at 309-10; *United*

*States v. Williams*, 547 F.3d 1187, 1201 (9th Cir. 2008). The government's conduct here does not go beyond the bounds of what we found acceptable in *Black*. The ATF targeted individuals who had already demonstrated an interest in committing robberies, and did little more than "set the 'bait'" by inventing a fictitious cocaine stash house they could rob. *Black*, 733 F.3d at 310. Once the bait was set, Defendants "responded with enthusiasm." *Id.* at 307. They planned nearly every detail of the robbery without assistance, including how many men they would bring, what weapons they would use, how they would dress, how they would break into the stash house, how they would restrain any guards, where they would hide after the robbery, and where they would sell the stolen cocaine. Defendants themselves also provided the guns, disguises, and zip ties necessary for them to carry out the robbery according to the plans they made. The government's conduct here did not "violate fundamental fairness or shock the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment." *Williams*, 547 F.3d at 1200 (internal quotation marks and alterations omitted).

While we, like the district court, question the wisdom of the government's expanding use of fake stash house sting operations, we are bound by our court's prior decisions holding that when such sting operations are conducted, as in this case, within the guidelines established by our precedent, they do not violate due

process and cross the line into outrageous government conduct. The district court was also so bound.

2. Because the district judge made statements indicating that he had already decided how he would sentence Defendants, we also conclude that the appearance of justice would be better served by remanding this case to a different judge. "We may remand to a different district judge if a party can show personal biases or unusual circumstances, based on an assessment of three factors: (1) whether on remand the district judge can be expected to follow this court's dictates; (2) whether reassignment is advisable to maintain the appearance of justice; and (3) whether reassignment risks undue waste and duplication." *United States v. Kyle*, 734 F.3d 956, 966-67 (9th Cir. 2013) (citation and internal quotation marks omitted). "Because factors one and two are of equal importance, a finding of either factor supports remand to a different district court judge." *Id.* at 967 (quoting *United States v. Atondo–Santos*, 385 F.3d 1199, 1201 (9th Cir. 2004)). Here, the district judge made a number of statements which reasonably could be understood as indicating that he had pre-judged sentencing and intended to impose a lenient sentence. Most notably, during Dunlap's bail hearing, the district judge stated, "I have it on pretty good terms and from a pretty good source [that Dunlap] probably isn't looking at a lot of time." In view of these circumstances, the

4

appearance of justice would be better served by reassigning this case to a different judge. *See id.* at 960, 967 (reassigning case, to preserve the appearance of justice, where judge had stated prior to trial that he was "prepared to impose a life sentence").

· ● ·

For the forgoing reasons, the orders of the district court dismissing the indictment are reversed and this case is remanded to the district court for further proceedings with instructions that this case be randomly reassigned to a different judge in accordance with the local rules and general orders of the Central District of California.

**REVERSED and REMANDED with instructions.**